No. 10,912.

BUSHNELL, ADMINISTRATOR, v. BUSHNELL.

SUPREME COURT.—*Evidence.—Record.*—When a case is presented to the Supreme Court upon the evidence, the whole evidence must be in the record.

LIFE INSURANCE.—*Assignment of Policy.*—A life policy is a chose in action which may be assigned by endorsement and delivery.

From the Jasper Circuit Court.

*T. F. Palmer, A. W. Reynolds* and *E. B. Sellers,* for appellant.

*S. A. Huff, W. S. Bushnell, J. R. Coffroth* and *T. A. Stuart,* for appellee.

ZOLLARS, J.—Appellant, as the administrator of the estate of Thomas Bushnell, deceased, brought this action against appellee, who is the widow of said Bushnell, to recover from her the amount of a life policy, which she collected from the Masonic Mutual Benefit Society, after the death of her husband. The averment in both paragraphs of the complaint is that said Bushnell was the owner of such life policy, issued by said society. The theory of the first is that after the death of her husband, appellee wrongfully got possession of the policy, had an assignment to her written upon the back of the policy above the name of her husband, which had been endorsed thereon, collected the money, and converted it to her own use. The theory of the second is that the husband, a short time before his death, assigned the policy to appellee in fraud of his creditors, she taking it without con-

Bushnell, Administrator, *v.* Bushnell.

sideration and with full knowledge; that she has collected the amount of the policy, and converted it to her own use, and that the estate of Bushnell is insolvent.

After being put at issue the case was tried by the court, and a judgment rendered for appellee.

The overruling of a motion for a new trial is the only error assigned in this court. The only question discussed under this assignment is the sufficiency of the evidence to sustain the decision of the trial court. We have examined all of the evidence, and think that it very clearly tends to sustain the decision of the court below. In such cases, under the well established rule of this court, the judgment will not be reversed. Under another rule, equally settled, there is really nothing before us for decision. When a case is presented here upon the evidence, the whole of the evidence must be in the record. The bill of exceptions in this case shows that the policy of insurance, and the endorsement and assignment thereon, were introduced in evidence, but they are not set out in the bill. Neither are they so referred to in the bill as to dispense with the necessity of setting them out in full. *Shimer* v. *Butler University*, 87 Ind. 218, and cases cited.

It may be noticed in passing that such a policy is a chose in action, and that the title thereto may be transferred by the beneficiary endorsing his name thereon, and delivering the possession thereof to the assignee. *Hutson* v. *Merrifield*, 51 Ind. 24 (19 Am. R. 722); *Harley* v. *Heist*, 86 Ind. 196 (44 Am. R. 285).

Judgment affirmed, with costs.

HAMMOND, J., did not participate in the decision of this case.

Filed Jan. 9, 1884.