ATLANTIC MUTUAL LIFE INSURANCE COMPANY *vs.* ANNIE GANNON & others.

Franklin.   May 23, 1901. — June 17, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Insurance, Life,* Substitution of beneficiary.   *Assignment.*

A life insurance policy, made payable on the death of B. L., the assured, to M., H. and J., contained a provision permitting the substitution of a new beneficiary with the consent of the company, and provided that no such change should be valid unless signed by the president, secretary or treasurer of the company. The following instrument executed by the assured was assented to by the company in letters signed by its secretary : "I hereby transfer, assign and turn over unto A. G., creditor and relative, all my right, title and interest in Policy No. 2032 issued by the A. M. Life Insurance Company on the life of B. L. and all benefit and advantage to be derived therefrom subject to all the conditions of the contract." The assignee was a creditor to a large amount and the nearest relative of B. L., the assured.   *Held,* that the assignment with the assent of the company constituted a change of beneficiary and the substitution of a new one.

BILL OF INTERPLEADER brought by an insurance company against different claimants to the sum payable under a policy of insurance issued upon the life of one Bridget Lawler, filed April 24, 1900.

The case was heard in the Superior Court, by *Hopkins,* J., who ordered the plaintiff to pay the insurance money to the defendants Mary J., Helena and John O'Connor, and, at the request of the defendant Annie Gannon, reported the case for the consideration of this court, such order and decree to be entered as upon the evidence might be just and proper.

The following facts appeared by the report: The policy as originally issued September 3, 1897, to Bridget Lawler was

made payable upon her death to Mary J., Helena and John O'Connor, her nieces and nephew.

The policy bore upon it certain rules of the plaintiff which were made a part of the contract of insurance, among which were the following: " The beneficiary named herein may be substituted at any time at the written request of the assured but any such change to be valid must have the consent of the association. Any change or modification of this contract will not be valid unless signed by the President Secretary or Treasurer of this association."

The assured had no property other than her interest in this policy, and for a period of about fourteen years had lived in the family of her sister, Annie Gannon, one of the defendants, who had furnished to her board, lodging, medical attendance and other necessaries during that time. It appeared that the total amount of Annie Gannon's pecuniary claim therefor was about $1,300.

On December 4, 1899, one W. J. Gannon, a son of Annie, at the request of Bridget Lawler wrote to the plaintiff a letter containing the following: " Can you tell me how Bridget Lawler's policy stands ? If premiums are paid up to date ? · How much would you loan on her policy ? "

To this one Edgerton, the secretary of the plaintiff, replied as follows: " Referring to your inquiry of the 4th inst. will say that the premium on the policy of Bridget Lawler referred to is paid to March 1st 1900. The policy can properly be assigned for security or creditor's interest, but the loan value at the present time would be so small as to make it no object for us to consider the matter."

W. J. Gannon then wrote to Edgerton as follows: " Yours of the 8th at hand. Would you please send me an assignment blank, also the number of the policy and the amount it is written for. Is premium paid quarterly or monthly and the amount of same."

The reply signed in the name of the company was as follows: " Yours of the 11th inst. received. Replying thereto will say that the policy inquired about is written for $1000, with a quarterly premium of $14.25. The number is 2032. We enclose herein assignment blank as requested."

Gannon then wrote to the company as follows: "Enclosed find assignment of Policy number 2032. Please place same on record. I hold the original of the same."

He received the following reply signed by Edgerton as secretary: "We acknowledge receipt of duplicate assignment of policy No 2032, but owing to the name of the Atlantic Mutual Life Ins. Co. being inadvertently written over the Greenfield Life Association we are obliged to send new blanks, and will remit you the Notary fee when corrected blanks are received. Would inquire if the assignee is a relative of the assured or a creditor; if creditor the assignment should read as follows: 'Annie Gannon creditor (as her interest shall appear).'"

Gannon then wrote: "Yours of the 8th at hand and new assignment forwarded. Please acknowledge receipt of same."

The reply, signed in behalf of the company, was: "We acknowledge receipt of your favor of Jan 9th also new assignment."

The assignment referred to was as follows: "For value received I hereby transfer assign and turn over unto Annie Gannon (creditor and relative) of the City and County of Worcester Commonwealth of Massachusetts all my right, title and interest in Policy No 2032 issued by the Greenfield Life Association of Greenfield, Mass now the Atlantic Mutual Life Insurance Company on the life of Bridget Lawler of said City and all benefit and advantage to be derived therefrom subject to all the conditions of the contract. Witness my hand and seal at Worcester State of Massachusetts this 9th day of January 1900. Bridget × Lawler (S) Witness W J Gannon" Then followed a certificate of acknowledgment.

Bridget Lawler died February 26, 1900, at which time the policy was in force and the three O'Connors and Annie Gannon were alive.

From the time of its execution the policy had been in the possession of the O'Connors, and all the premiums on the policy had been paid by them except the first premium, which was paid by Lawler.

At the hearing it was agreed by all the parties, that all the defendants should interplead and the case be fully heard upon

its merits, and the defendants did so interplead and the case was heard upon its merits. At the hearing, the defendant Annie Gannon asked the judge to rule, that the instrument executed by Bridget Lawler was a valid and efficient assignment and transfer of the policy to her and was a substitution of herself as a new beneficiary under the policy. This ruling the judge refused, and upon the foregoing evidence found for the defendants Mary J., Helena and John O'Connor, and made the decree and reservation stated above.

*R. Hoar & J. F. Timon,* for Annie Gannon.

*E. J. McMahon & J. B. Scott,* for the O'Connors.

No counsel appeared for the plaintiff.

KNOWLTON, J. The policy on the life of the assured was made payable to a beneficiary who was not otherwise a party to the contract, and who paid no part of the premium. By the terms of the policy the beneficiary might be changed by the assured with the consent of the company. The beneficiary had no vested interest in the policy during the lifetime of the assured. May, Ins. (3d ed.) § 399 M. *Holland* v. *Taylor,* 111 Ind. 121. *Martin* v. *Stubbings,* 126 Ill. 387. *Union Mutual Association* v. *Montgomery,* 70 Mich. 587.

The language of the contract in regard to the change of the beneficiary is as follows: " The beneficiary named herein may be substituted at any time at the written request of the assured but any such change to be valid must have the consent of the association." A general provision as to changes of the contract, was in these words: "Any change or modification of this contract will not be valid unless signed by the President Secretary or Treasurer of this association."

The only question in the case is whether there was a change and substitution of beneficiary by the assured with the consent of the association. The answer to this question depends on whether we construe the quoted provision broadly and liberally, or narrowly and strictly. The assured made an assignment of the policy for a valuable consideration to one who was her creditor for a large amount and her nearest relative. This assignment was made on a printed blank furnished for the purpose by the association. The correspondence between the representative of the assured and the secretary of the company shows very plainly that the

change was consented to by the association. Was this a change of beneficiary and a substitution of a new one? The assignment purports to assign and convey all the right, title and interest of the assured in the policy, " and all benefit and advantage to be derived therefrom subject to all the conditions of the contract." The principal " benefit and advantage to be derived therefrom " was the right to receive payment of the stipulated sum after the death of the assured. This constituted the assignee the beneficiary under the policy, and put her in the place of the original beneficiary. In view of the fact that the assured had absolute control of the policy and of all rights under it, provided she acted with the consent of the association, we think it better to hold, in accordance with the manifest intent of the parties, that this assignment made with the company's consent constituted a change of beneficiary as much as if there had been a formal substitution of the second beneficiary for the first, with a reference to the part of the policy in which the name of the beneficiary appeared. It follows that the plaintiff should pay over the amount in controversy to the defendant Annie Gannon.

*Decree accordingly.*