In re HOLDEN et ux.

(Circuit Court of Appeals, Ninth Circuit. January 16, 1902.)

No. 729.

1. BANKRUPTCY—EXEMPTIONS—LIFE INSURANCE POLICIES.

The provision of Bankr. Act 1898, § 6, giving the bankrupt the benefit of the exemptions prescribed by the state laws, does not pervade the entire act, and as to life insurance is controlled by the proviso to section 70a, cl. 5, under which title to all policies having a cash surrender value payable to him, his estate or personal representative, vests in his trustees for the benefit of his creditors.

2. SAME—PROPERTY PASSING TO TRUSTEE—INTEREST IN LIFE INSURANCE POLICY.

Where a husband and wife were each adjudged bankrupt, policies of insurance on the life of the husband, having a cash surrender value and payable to the wife if she survived him, and to his personal representatives if he survived her, passed to the trustees under Bankr. Act 1898, § 70a, cl. 5, as assets of their respective estates, each having an interest therein which amounted to an insurance policy within the meaning of such provision, the wife's being payable to herself, and assignable by her under the laws of the state, which made it her separate property, and the remaining contingent interest being payable to the husband's estate.

Petition for Revision of Proceedings of the District Court of the United States for the Northern Division of the District of Washington, in Bankruptcy.

Bausman & Kelleher, for appellant.

J. A. Stratton and Carroll & Carroll, for appellees D. N. & Lizzie Holden.

Before McKENNA, Circuit Justice, and GILBERT and ROSS, Circuit Judges.

McKENNA, Circuit Justice. This is a petition filed under section 24b of the bankruptcy law of 1898 to review an order of the district court for the district of Washington, Northern division, made and entered in the above-entitled cause. The said D. N. Holden and Lizzie Holden were separately proceeded against in bankruptcy by their creditors. The causes were consolidated by consent, and "one and the same answer" filed to the petitions. Subsequently it was adjudged that the "respondents and each of them are bankrupts within the true intent and meaning of the acts of congress relating to bankruptcy." The respondents then prayed exemption from the claims of creditors of two life insurance policies. The claim was disallowed by the referee, who made due report of his action to the court. The re-

spondents filed exceptions to the report, and, after hearing, the court, by an order duly entered on the 16th of July, 1901, vacated the report, and adjudged the policies to be exempt. To review this order of the district court the present petition was filed by J. A. Stratton, the duly appointed trustee of the estates of said bankrupts. No answer has been filed to the petition, and the question is whether upon the facts stated the order in the district court should be revised.

The policies in question were issued on the 15th of June, 1894, by the Northwestern Life Insurance Company of Milwaukee, Wis., and were respectively numbered 206,383 and 303,921, and were, respectively, for the amounts of $5,000 and $2,000. Daniel N. Holden was the insured in both, and Lizzie Holden was the beneficiary in both, with the provision, however, that if she should not survive him payment should be made to his executors, administrators, and assigns. It was provided in the policy No. 206,383 that it is "issued on the semitontine plan, and its tontine dividend period is twenty years," and the following is indorsed on the policy:

"Upon surrender by the insured and beneficiary of a policy of $10,000, of like number and kind, dated May 2, 1890, this policy for $5,000 is issued at their request in lieu of one-half of the former policy. In all other respects this policy is made and accepted pursuant and subject to the application upon which the original policy was issued. A full-paid life nonparticipating policy, No. 303,921, for $2,000, is issued in consideration of the surrender of one-half of the original policy."

It is alleged in the petition that the policies have a present cash surrender value combined of about $2,200, and it was stated on the argument that the creditors of each of the bankrupts are the same.

It is provided by the laws of the state of Washington "that the proceeds or avails of all life insurance shall be exempt from all liability for any debt." Laws 1895, p. 336. By section 70a of the bankrupt law of 1898 it is provided that:

"The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment or qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests and patents, patent rights, copy rights, and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him: provided, that when any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or. secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings. otherwise the policy shall pass to the trustee as assets; and (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

Section 6 of the bankrupt law is as follows:

"Exemptions of Bankrupts.—(a) This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force

at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

The effect and extent of section 6 was considered by this court in Re Scheld, 44 C. C. A. 233, 104 Fed. 870, 52 L. R. A. 188, and it was said that the purpose of the section did not pervade the whole act, but was controlled by section 70a; and that under the latter section policies of insurance payable to the bankrupt himself, his estate or personal representatives, passed to the trustee of the estate. But we also said:

"It will be seen that the clause of section 70, above quoted, does not include policies of insurance payable to the wife, children, or other kin of the bankrupt, but is limited to policies the proceeds of which are payable to the bankrupt himself, his estate or personal representatives. The enactment does not deprive the family of a debtor of the protection which he may have secured to them in taking out policies for their benefit payable at his death, but it does prevent debtors from availing themselves of the opportunity of making investments for their own benefit in the form of endowment policies, or policies payable to themselves, and holding the same, while seeking a discharge from their debts through the bankruptcy act."

What is the character of the policies in the case at bar? Are they covered by the proviso of section 70? It will be observed that the policies were not payable to either Holden or his wife absolutely, but to her only if she survived him, and to his personal representatives if he survived her. Subject to such contingent interest in him, the policies and the money to become due under them belong to her, and it is beyond his power to transfer them to any other person or to surrender them. In re Heilbron's Estate, 14 Wash. 536, 45 Pac. 153, 35 L. R. A. 602, citing Bank v. Hume, 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370, and other cases. Under the laws of Washington her interest in the policies became her separate property, and was assignable by her. 2 May, Ins. 399q, and cases cited. Each, therefore, has an interest in the policies, and each must be held to have an insurance policy which has a cash surrender value payable to him or to her, his or her estate or personal estate or personal representatives, and subject, therefore, to the provisions of section 70; in other words, passed to their respective trustees as assets of their respective estates. It may be that neither could surrender the policies without the consent of the other, but such right of surrender passed with the policies to their respective trustees. In Steele v. Buel, 44 C. C. A. 287, 104 Fed. 968, the circuit court of appeals of the Eighth circuit has decided that the rule of exemption of section 6 pervades the whole act, and is to be read into every other section and provision of the act. The difference of opinion between that learned court and this court demonstrates the ambiguity of the bankrupt act, and, while not insensible to the necessity of harmony in the decisions of the courts of appeal, we are not disposed to depart from the ruling in Re Scheld. There is a way open to respondents for a further review of the questions involved.

It follows that the order of the district court should be revised in accordance with this opinion; and it is so ordered.