## CHANGE OF BENEFICIARY.

Common Pleas Court of Cuyahoga County.

CECILIA DOUGLAS v. THE METROPOLITAN LIFE INSURANCE COMPANY ET AL.

Decided, March 24, 1911.

*Life Insurance—Change of Beneficiary—Consent of Company Required, When—Compliance with Terms of the Policy Can Not be Waived By the Company After the Death of the Insured.*

1. The consent of the company is required to effect a change of beneficiary under a policy of insurance, issued by a regular life insurance company, which provides that, subject to the approval of the company, the insured may at any time during the continuance of the policy change the beneficiary by written notice to the company at its home office, accompanied by the policy, such change to take effect on the indorsement of the same on the policy by the company.

2. Where the insured, under such a policy, undertook to change the beneficiary and did all that he could do to accomplish that result, and forwarded to the company due notice, but died before the company had approved such change of beneficiary, the attempted change was not effected, and the original beneficiary is entitled to the money payable under said policy, there being no evidence that the company had in any manner waived the provision in the policy respecting the change of beneficiary.

*Charles S. Sutton*, for plaintiff.
*C. L. Hotze* and *Green & Green*, contra.

LAWRENCE, J.

This action was brought by the plaintiff to recover from the defendant, the Metropolitan Life Insurance Company, the amount of an insurance policy on the life of her husband, Leroy A. Douglas, now deceased, issued by said company, which is a life insurance company incorporated under the laws of the state of New York.

Pursuant to an order of interpleader, Louise E. Douglas, the mother of said Leroy A. Douglas, has filed an answer and cross-

petition, claiming that she is entitled to the entire amount due under said policy, and the case has been submitted to the court to determine who is entitled to the amount which has been paid into court by the insurance company.

Prior to the 6th day of April, 1909, the plaintiff had been named as beneficiary under said policy, and on that date the insured undertook to change the beneficiary and to make his mother the beneficiary in the place of his wife.

The policy contains a provision which is as follows:

"Subject to the approval of the company, the insured may, at any time during the continuance of this policy, provided the policy is not then assigned, change the beneficiary or beneficiaries by written notice to the company at its home office, accompanied by the policy, such change to take effect on the endorsement of the same on the policy by the company. After endorsement, the policy will be returned."

It appears that the original policy of insurance had been lost, and a duplicate policy had been issued by the company, in place thereof, prior to April 6, 1909.

On April 6, 1909, the said Leroy A. Douglas, on a blank obtained from the agent of the company at Cleveland, designated his mother as beneficiary in place of his wife, and thereupon forwarded to the company written notice of such change of beneficiary, accompanied by the duplicate policy of insurance. On receipt of this notice the company, without taking any other action in the matter, wrote to its agent at Cleveland, inquiring why the original policy did not accompany the notice. On the 17th day of April, 1909, the said Leroy A. Douglas died, nothing further having been done in the meantime in respect to such change of beneficiary.

It thus appears that the insured did all that he could do to effect a change of beneficiary, but that the company did not endorse such change on the policy and did not approve the same prior to the death of the insured.

It is well settled that the beneficiary designated in a life insurance policy such as this has a vested interest therein, and a change of beneficiary can not be effected without his consent,

unless provision is made therefor in the policy or contract, or in a statute which becomes part of the contract. See 25 Cyc, 889-892.

If the insured has done substantially all that is required of him to effect a change of beneficiary, and all that remains to be done are the ministerial acts of the officers of the company, the change will take effect, though the formal details were not completed until after the death of the insured. *Luhrs* v. *Luhrs,* 123 N. Y., 327; *4 Cooley's Briefs on Law of Insurance,* 3769; *2 Joyce on Insurance,* Section 751.

Mr. Joyce is here speaking of a mutual benefit certificate, but while there is a difference between such a certificate and an ordinary life policy in respect to the rights of a beneficiary in the absence of any provision for a change of beneficiary, there would seem to be no difference between them as to the construction of an express provision of the contract permitting such change to be made or as to the rights of the insured thereunder.

It has also been held, that where an association delivered a new policy in accordance with an informal change of beneficiary, it thereby waived the provision as to the mode of making the change, the same being for its benefit, on which it was not bound to insist. *Lamb* v. *Mutual Reserve Fund Life Association,* 106 Fed., 637; See also *Atlantic Mutual Life Ins. Co.* v. *Cannon,* 179 Mass., 291; *Titsworth* v. *Titsworth,* 40 Kan., 571.

But after the death of the insured, the insurance company can not waive compliance with the provisions respecting the change of beneficiary; and furthermore, in this case, nothing occurred, either before or after the death of the insured, which could in any way be deemed a waiver. So, also, no question of estoppel is made.

Where a policy of insurance provides for a change of beneficiary with the consent of the company by written notice to it, an attempted change not assented to by the company will not be valid. *Canavan* v. *Life Insurance Co.,* 81 N. Y. Sup., 304; *Newman* v. *Life Insurance Co.,* 90 N. Y. Sup., 471; *4 Cooley's Briefs on Insurance,* 3761; *Freund* v. *Freund,* 218 Ill., 189.

In the case in the 218 Ill., 189, last cited, it may be that the court erroneously determined that the contract of insurance

there in question required the consent of the company to a change of beneficiary, which conclusion was reached by reading into the policy a provision of the insurance code of New York applying only to life insurance upon the co-operative or assessment plan, whereas the policy had been issued by an ordinary life insurance company, to which the statute did not apply. On the assumption, however, that the policy did require the consent of the company to a change of beneficiary, the court carefully considered the question of the effect of such a provision, and it is held that, where it is provided that a change of beneficiary can only be accomplished with the consent of the insurance company endorsed on the policy, the act to be done by the company is not a mere ministerial act but involves the exercise of judgment; and that the principle that, where the insured has done all he could to effect a change of beneficiary but dies before the change is formally made by the company, a court of equity will regard the change as effected, does not apply where the consent of the company is required, the same to be indicated by its endorsement on the policy. It is further held that, while an insurance company may, during the lifetime of the insured, waive performance of provisions for its benefit, yet after the death of the insured, by which the rights of the beneficiary become vested, it can perform no acts which will amount to a waiver as against such beneficiary.

The policy on the life of Leroy A. Douglass expressly makes the right to change his beneficiary subject to the approval of the company, and such change is to take effect on the endorsement of the same on the policy by the company. In my opinion, this requires something more than a ministerial act on the part of the company. It involves the exercise of judgment and discretion in determining whether or not it will approve or consent to the change; and such approval not having been given, the attempted change was not accomplished, although the insured did all that he could do in the matter.

What would be the right of an insured, in case a company arbitrarily or capriciously refused to consent to a change of beneficiary or unreasonably delayed in acting thereon, need not be considered, for no such case is presented.

I hold that the plaintiff is entitled to the money payable under said policy of insurance, and judgment will be entered accordingly.