### In re FARRAND et al.

#### (District Court, D. Maine. September 7, 1916.)

#### No. 333.

BANKRUPTCY ⬤⟞181—VALIDITY OF MORTGAGE—CONSIDERATION.

A member of a bankrupt firm had two life insurance policies, issued by the same company, in which his wife was named as beneficiary, but which authorized him to change the beneficiary at will. He borrowed money from the company for the benefit of the firm, and his wife joined with him in assignments of the policies, which provided that unpaid interest should be added to the principal, and that, in case the indebtedness should at any time equal the surrender value, the policy should become void. The loans were not paid at the time of the bankruptcy. *Held*, that the wife had no vested interest in the policies, and that, as

her joining in the assignment created no obligation on her part, it constituted no consideration for a mortgage given her on the firm property.
[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 259, 260, 271, 273, 274; Dec. Dig. ⨺181.]

In Bankruptcy. In the matter of Gardner L. Farrand and Edward B. Spear, bankrupts. On review of order of referee sustaining a mortgage to Helen Farrand. Reversed.

E. K. Gould, of Rockland, Me., for claimant.
Arthur S. Littlefield, of Rockland, Me., for trustee.

HALE, District Judge. This case now comes before the court upon the petition of the trustee in bankruptcy and of the Rockland Trust Company, a creditor, to review the order of the referee that the claim of Helen Farrand be paid, with interest; the same being a valid claim.

The record shows that Gardner L. Farrand had upon his life two policies of insurance with the Northwestern Life Insurance Company; one for $1,000, dated January 29, 1885, and one for $2,000, dated February 1, 1889. In 1906 he caused his wife to be the beneficiary in these policies; each policy, however, contained the following privilege of changing the beneficiary, namely:

"The insured may, subject to the rights of any assignee, change the beneficiary, or beneficiaries, at any time during the continuance of this policy, by filing with the company a written request accompanied by this policy; such change to take effect upon the indorsement of the same on the policy by the company."

In August, 1913, Farrand obtained a loan upon each of these policies—$540 on one, and $1,440 on the other. This loan was paid by check of $1,980, received by Farrand, Spear & Co. On December 27, 1913, Gardner L. Farrand and Edward B. Spear gave to Helen Farrand a note of $2,015.31, and secured this note by a mortgage on their interests in the store property occupied by them. The amount of this mortgage was the amount of check for money borrowed of the Insurance Company, with the interest thereon. This property was sold by order of court, free from liens; the money is now held in the hands of the trustee in bankruptcy.

On August 26, 1913, an assignment, of which the following is a copy, was made upon the first policy, to wit:

"The Northwestern Mutual Life Insurance Company.
"$540.00                          Milwaukee, Wis., August 26, 1913.
"In consideration of the loan to the undersigned by the Northwestern Mutual Life Insurance Company on its policy No. 131981, of the sum of five hundred and forty dollars, payable at its office in the city of Milwaukee, Wis., with interest thereon from the date hereof until paid at the rate of 6 per cent. per annum, payable annually, and as security for the payment of the same, both principal and interest, the undersigned do hereby assign and set over to said the Northwestern Mutual Life Insurance Company, at Milwaukee, Wisconsin, said policy issued on the life of the undersigned Gardner L. Farrand and all dividend additions thereto.

"In case of the nonpayment of any interest on said loan when due, such interest shall be added to and become a part of the principal of said loan, and shall bear interest at the rate aforesaid. If and whenever on any day the amount of such principal together with the interest accruing upon the same shall equal the then cash surrender value of the said policy, and dividend

additions thereto, if any, the said policy and dividend additions shall thereupon become void without action on the part of said company, and be deemed surrendered in consideration of the cancellation of said loan.

"If said policy shall become paid-up insurance, said loan will be continued under the terms hereinbefore provided; but, if said policy shall become extended term insurance, the existing indebtedness, under said loan, shall be adjusted as provided in said policy.

"This assignment may be terminated at any time upon payment in cash of the principal and interest of said loan.

"Payment of this loan, or of any part not less than twenty (20) dollars, may be made at any time.

"In witness whereof, the undersigned have executed these presents the 26th day of August, A. D., 1913.  Gardner L. Farrand [Seal.]
"Helen Farrand [Seal.]

"Signed in the presence of
"Berkley D. Winslow, Witness to G. L. F.
"Arthur W. Farrand, Witness to G. L. F."

The above is referred to by counsel as a note. It appears to be merely an assignment. Another assignment of like character was given upon the second policy. It will be seen that these assignments contained the provision that, in case of nonpayment of any interest on the loan, the interest should be added to and become a part of the principal, and:

"If and whenever, on any day, the amount of such principal, together with the interest accruing upon the same, shall equal the then cash surrender value of the said policy, and dividends in addition thereto, if any, the said policy and dividend additions shall thereupon become void without action on the part of said company, and be deemed surrendered in consideration of the cancellation of said loan."

It is claimed by Helen Farrand that, by thus joining in this assignment of the mortgage, a valid claim was created upon the property described in the mortgage, and that she is entitled to be paid the full amount due upon the mortgage and note out of the proceeds of the property sold by order of court.

After a careful examination of the testimony it does not appear that Helen Farrand's joining of the assignment in August, 1913, was a consideration for the mortgage given four months later. The testimony utterly fails to connect the transactions, or to show affirmatively that this joining in the assignment was in fact a consideration for the mortgage.

Upon examination of the assignment itself, it appears that, by its provisions, a method of payment was provided under the clause which I have quoted. The record shows that Helen Farrand never had any vested interest in the policy. By its terms the beneficiary could be changed at any time during the continuance of the policy. Her signature to the assignment did not impose any liability upon her. There is no provision for transferring the property or any right in it to her, unless she paid the indebtedness. She has never paid the indebtedness; and, under the terms of the contract, she could never be held to pay the indebtedness. In re Coleman, 136 Fed. 818, 69 C. C. A. 496; In re Orear, 178 Fed. 632, 102 C. C. A. 78, 30 L. R. A. (N. S.) 990; Atlantic Mutual Life Insurance Company v. Gannon et al., 179 Mass. 291, 60 N. E. 933; In re Herr (D. C.) 182 Fed. 716.

Under the facts disclosed in the record, I am of the opinion that the note of Helen Farrand, and the mortgage to secure it, were without consideration, and that the proceeds of the property sold by order of court belong to the estate in bankruptcy.

The order of the referee is vacated.