W. B. MOON, as Receiver of Citrus County Bank, a Banking Corporation organized and existing under the laws of the State of Florida, *Appellant*, vs. NORMAN WILLIAMS and MISSOURI STATE LIFE INSURANCE COMPANY, a corporation, *Appellees*.

135 So. 555.

Division A.

Opinion filed June 25, 1931.

Petition for rehearing denied July 27, 1931.

*Anderson & Anderson,* for Appellant;
*Scofield & Scofield,* for Appellees.

BUFORD, C.J.—The appellant, complainant in the court below, brought suit against the appellees, defendants in the Court below, for an accounting and to foreclose a lien upon an insurance policy issued upon the life of Norman Williams by the appellee, Missouri State Life Insurance Company, alleging that the defendant Williams being indebted to Citrus County Bank, a banking corporation, assigned to the bank as collateral security an insurance policy in the sum of $2,000.00, in which policy insurer "agrees to pay TWO THOUSAND DOLLARS, which is the face amount hereof, immediately upon receipt of due proof of the death of NORMAN WILLIAMS, the insured, to Christine Williams, wife of the insured, and beneficiary, it being understood that the insured may change the beneficiary or beneficiaries as hereinafter provided."

The policy, which is made a part of the bill of complaint, provides as follows:

"The insured may at any time during the continuance of this policy, with the consent of the Company provided the policy is not then assigned, change the beneficiary or beneficiaries, herein by filing at the Home Office a written request on the Company's form therefor, duly acknowledged, accompanied by this policy, such change to take effect upon the endorsement of the same on the policy by the Company, whereupon all rights of the former beneficiary or beneficiaries shall cease. If any beneficiary shall die before the insured, the interest of such beneficiary shall vest in the insured.

ASSIGNMENT. Any assignment of this policy must be made in duplicate and both sent to the Home Office, one to be retained by the Company and the other to be returned. The Company assumes no responsibility for the validity of any assignment."

The bill alleges that the policy was assigned by the insurer in the manner provided for in the policy. The bill further alleges that while the defendant Williams was indebted to the Citrus County Bank and while the said Citrus County Bank held the written obligation of defendant Williams to pay such indebtedness the bank became insolvent and went into the hands of a Receiver. That complainant was appointed by the Comptroller of the State of Florida as Receiver of such bank and the appointment was afterwards approved and confirmed by order of the Circuit Court; that the complainant was duly qualified and at the time of the institution of the suit was acting as and discharging the duties of such Receiver. It was further alleged that as Receiver the complainant took over all the notes, books, papers, records and securities of the Citrus County Bank and was at the time of the institution of the suit administering such trusts in his capacity as such Receiver and that the suit is prosecuted under his right and authority to enforce the collection of the debt as Receiver of the said bank.

The bill prayed for an accounting and that the defendant be required to pay the complainant in his representative capacity the amount found to be due from the defendant to the complainant. It prays that the insurance policy assigned to Citrus County Bank be decreed to be held as security for the indebtedness and that the complainant be decreed to have a lien on the policy to the extent of the indebtedness and that the policy be sold to enforce the payment of such indebtedness.

There was a demurrer to the bill of complaint which was sustained upon grounds numbered 1st, 2nd, 3rd, 4th and 5th. These grounds of demurrer were as follows:

"1st. There is a defect of necessary parties in that the bill shows on its face that Christine Williams, the beneficiary named in said policy, should be joined as defendant.

2nd. The alleged assignment of said policy has no effect to change the beneficiary named therein.

3rd. No change of beneficiary having been made, the rights of said Christine Williams named as original beneficiary have not been extinquished or affected by the alleged assignment and the Court cannot proceed to a decree in the absence of said beneficiary.

4th. If the complainant, suing as assignee, be deemed as the owner of the said policy or as the person occupying the status of the insured thereunder, the original beneficiary as named, until a change of beneficiary accomplished in the mode prescribed in the policy, still retains an interest in said policy.

5th. If the complainant be deemed not the absolute assignee or owner of the policy but as the holder of the same as mortgagee or pledgee his right, if any exists, is to have a decree for the sale of the policy in satisfaction of any lien which he may establish."

The controlling question presented here is whether or not the defendant Norman Williams could assign the policy to Citrus County Bank as collateral security for the payment of his obligation to the Bank, without the beneficiary named in the policy, to-wit: his wife, Christine Williams,

joining him in such assignment to the bank. It will be observed that by the terms of the policy the insured could change the beneficiary by complying with the conditions named in the policy hereinbefore quoted and that to change the beneficiary it was not necessary to consult or have the consent of the beneficiary named.

Where, under the terms of a life insurance policy there is reserved in the insured the right without the consent of the beneficiary to change the beneficiary first named in the policy upon the sole condition that the assent of the insurer be acquired, the beneficiary named in the policy acquires no vested right or interest during the life of the insured, but only acquires an expectancy. Mutual Benefit Life Insurance Co. vs. Sweat, et al., 222 Fed. 200, Ann. Cas. 1917 B 298; Kerr on Insurance 687; Denver Life Insurance Co. vs. Crane, 19 Colo. 191, 73 Pac. 875; Hopkins vs. Northwestern Life Insurance Co., 99 Fed. 199; Golden Star Fraternity vs. Martin, 59 N. J. Law 207; Sabin vs. Phinney, 134 N. Y. Appeals 423; 31 N. E. 1087; Robinson vs. United States Mutual Acc. Association, 68 Fed. 825; Wirgman vs. Miller, 98 Ky. 620, 35 S. W. 937; Cellery vs. John Hancock Mutual Life Insurance Co., 68 N. Y. Sup. 182. See also Atlantic Mutual Life Insurance Co. vs. Gannon, et al., 179 Mass. 291, 60 N. E. 933.

The effect of the assignment of a life insurance policy, which assignment is made in accordance with the terms of the policy, is to place the assignee in the same status with respect to all rights and liabilities under it that the insured occupied before the transfer. It may be said to amount to the substitution for the assured of the assignee as a party to the policy. Atlantic Mutual Life Insurance Co. vs. Gannon, supra; Bacon's Life and Accident Insurance, 4th Ed., Sec. 386; Metropolitan Life Insurance Co. vs. O'Brien, 92 Mich. 584, 52 N. W. 1012; Opitz vs. Karal, 118 Wisc. 527, 95 N. W. 948.

A life insurance policy is a mere chose in action and un-

less some provision of the contract forbids its assignment, it may be assigned as other choses in action. See note 87 Am. St. Rep. 486, and authorities there cited. Bushnell vs. Bushnell, 92 Ind. 503; Hutson, Administrator vs. Merryfield, Administrator, 51 Ind. 24.

It appears from the bill of complaint that there was a valid and binding assignment of the insurance policy as collateral; that the assignee acquired, by such assignment, the right to foreclose its lien created by the assignment to enforce the payment of its debt; that under such foreclosure the policy may be sold by order of court and he who acquires title thereto at such sale would stand in the position of the insured as to the right to exercise options under the policy, and therefore, would thereby acquire the right to surrender the policy for its cash surrender value, or make such other settlement with the Company in regard to the policy as could have been made by the insured, had the policy not been assigned.

For the reasons stated, the order appealed from should be reversed and the cause remanded for further proceedings not inconsistent with this opinion and judgment. It is so ordered.

Reversed and remanded.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.