C. H. BANCROFT, as Receiver of City National Bank in Miami, v. RUTH RAND WEST, *et vir.*

174 So. 327.
Division A.
Opinion Filed May 10, 1937.

*Carl T. Hoffman* and *L. L. Robinson,* for Appellant;

*McKay, Dixon & DeJarnette,* for Appellees;

*Waller & Meginniss* and *Dewey A. Dye,* as *Amici Curiae.*

BUFORD, J.—This is the second appearance of this case here. See New York Life Insurance Co. v. Bancroft as Receiver, 122 Fla. 10, 164 Sou. 515. The pertinent facts are stated in that opinion.

The policy agreed to pay the amount of insurance therein named as follows:

"Promises to pay at the Home Office of the Company in the City of New York, upon receipt at said Home Office of due proof of the death of Frederic H. Rand, Jr., herein called the insured, Six Thousand Dollars, less any indebtedness hereon to the Company and any unpaid portion of the premium for the ten current policy year, to the Executors, Administrators or assigns of the insured or to the duly designated beneficiary with right of revocation."

The policy contained the following clause:

"CHANGE OF BENEFICIARY. When the right of revocation has been reserved, or in case of the death of any beneficiary under either a revocable or irrevocable designation, the insured if there be no existing assignment of the policy made as herein provided, may while the policy is in force, designate a new beneficiary with or without reserving right of revocation by filing written notice thereof at the Home Office of the Company, accompanied by the Policy for suitable endorsement thereon. Such change shall take effect upon the endorsement of the same on the Policy by the Company and not before. If any beneficiary shall die be-

fore the insured, the interest of such beneficiary shall vest, in the insured."

It also contained the following clause:

"ASSIGNMENT. * * * Any assignment of this Policy must be filed with the Company at its Home Office. The Company assumes no responsibility as to the validity of any assignment."

The assignment was in the following form:

"FOR VALUE RECEIVED, I, being of legal age, hereby assign and transfer unto City National Bank in Miami of 116 E. Flagler St., Miami, Florida, the Policy of Insurance known as No. 4-139-984 issued by the NEW YORK LIFE INSURANCE COMPANY upon the life of Frederic H. Rand, Jr., of Miami, Florida, and all dividend, benefit and advantage to be had or derived therefrom, subject to the conditions of the said Policy, and the Rules and Regulations of the Company, and to any indebtedness to the New York Life Insurance Company against said Policy No. 4-139-984.

"WITNESS my hand and seal this 19th day of July, Nineteen Hundred Twenty-nine.

FREDERICK H. RAND, JR.

It was duly acknowledged before an officer authorized to take acknowledgments in Florida and was endorsed by the New York Life Insurance Company as having been filed with the Company in accordance with the rules governing such assignments.

Decree was entered in the Circuit Court in favor of the claimant, Ruth Rand West, who claims under the provisions of Section 4977 R. G. S., 7065 C. G. L., which section is as follows:

"Disposition of Proceeds.—Whenever any person shall die in this State leaving insurance on his life, the said in-

surance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person or persons for whose use and benefit such insurance is declared in the policy; and the proceeds thereof shall in no case be liable to attachment, garnishment or any legal process in favor of any creditor or creditors of the person whose life is so insured, unless the insurance policy declares that the policy was effected for the benefit of such creditor or creditors; Provided, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his or her executors, administrators or assigns, the proceeds of the insurance may be bequeathed by the insured to any person or persons whatsoever or for any uses in like manner as he or she may bequeath or devise any other property or effects of which he or she may be possessed, and which shall be subject to disposition by last will and testament."

Bancroft as Receiver claims under the assignment above quoted.

It will be observed that the policy was payable to Executors, Administrators or assigns of the insured, or to the duly designated beneficiary. City National Bank in Miami became the assignee and remained the assignee of the policy until after the death of the insured.

The case of Moon as Receiver v. Williams, *et al.*, 102 Fla. 214, 35 Sou. 555, is not entirely in point because in that case the Receiver sought to exercise the rights acquired by the Bank of which he became Receiver during the lifetime of the insured and in this case the Receiver of a defunct bank claims the proceeds of the insurance policy payable on the death of the insured.

It will be observed that the assignment to City National

Bank in Miami "the policy of insurance known as No. 4-139-984 issued by the New York Life Insurance Company upon the life of Frederic H. Rand, Jr., of Miami, Florida, and all dividend, benefit and advantage to be had or derived therefrom subject to the conditions of said policy and the rules and regulations of the Company and to any indebtedness to the New York Life Insurance Company against the Policy No. 4-139-984."

The record shows that the rules of the Company in that regard were complied with.

While, as stated, this case is not exactly like that of Moon v. Williams, *supra,* yet some of the principles of law which were enunciated in that case are applicable here, one of which is, as stated in that case, "Where under the terms of a life insurance policy there is reserved in the insured the right without the consent of the beneficiary to change the beneficiary first named in the policy upon the sole condition that the assent of the insurer be acquired, the beneficiary named in the policy acquires no vested right or interest during the life of the insured, but only acquires an expectancy." We cited authorities in support of this.

In the instant case the appellee was not named beneficiary, but had no assignment occurred she would have been a beneficiary under the terms of the statute above referred to.

When this case was considered by us on former appeal, cited *supra,* we said:

"In view of the law as thus stated the vital and ultimate question here is whether or not the claim of Bancroft and Ruth Rand West to the proceeds of the policy in question is connected or dependent, or whether the one is derived from the other, or from a common source. In other words, is

there privity of estate, title or contract between the claim-ants.

"The claim of Bancroft is based on the assignment of the policy by Rand during his lifetime to the City National Bank of which he is now receiver. The source of Bancroft's claim is consequently the contract of assignment. The claim of Ruth Rand West, the sole surviving heir of Fred-eric H. Rand, Jr., is based on inheritance by operation of the statute of descents. Section 3618, Revised General Statutes of 1920, Section 5483, Compiled General Laws of 1927.

"While the source of the claim of Ruth Rand West is by inheritance from the insured as his sole surviving heir, if her right of inheritance was cut off by Rand's assignment to the City National Bank, then she has no claim to the proceeds of the policy. So in its final analysis her claim depends on the scope and effect of Rand's assignment to the City National Bank. In this view of the case whether Ban-croft or Ruth Rand West has the superior claim to the proceeds of the policy turns on said assignment."

So now we have only to determine the force and effect of the assignment. The assignment not only covered the policy, but it conveyed to the Bank "all dividend, benefit and advantage to be had or derived therefrom."One of the benefits and advantages to be derived therefrom was the right to collect whatever amount might be due under the terms of the policy on the death of the insured. As we construe this assignment when taken in connection with that provision of the policy making it payable to "the executors, administrators or *assigns* of the insured," it not only con-stituted an assignment, but also constituted a change of bene-ficiary from "executors, administrators or assigns" to the designated assignee only.

It is conceded that the assignment was made with the delivery of the policy as collateral security for the payment of all obligations then owed by Rand to the Bank and therefore under the assignment the Bank can claim no greater interest in the proceeds of the policy than the amount of the debt secured by this collateral. But, since it is shown by the record that the debt far exceeded the proceeds of the policy, any question on that score is eliminated.

Under the conditions as shown by the record, when Mr. Rand died the policy and all the rights under that policy had passed out of his hands by assignment. All that he then held was the equitable right of redemption. Mr. Cooley in his briefs on the Law of Insurance, 1st Ed., Vol. 2, page 1092, says:

"A policy payable to the insured himself, or to his 'assigns,' 'executors,' 'administrators' or 'legal representatives,' may be assigned by the insured without the consent of any other person."

And follows this with the following note:

"*In re* Holden, 114 Fed. 650, 52 C. C. A. 346; Meadows' Guardian v. Meadows' Adm'r, 13 Ky Law Rep. 495; New York Life Ins. Co. v. Flack, 3 Md. 341, 56 Am. Dec. 742; Robinson v. Hurst, 78 Md. 59, 26 Atl. 956, 20 L. R. A. 761, 44 Am. St. Rep. 266; Edington v. Aetna Life Ins. Co., 13 Hun. 543, reversed on other grounds, 77 N. R. 564; Scobey v. Waters, 10 Lea (Tenn.) 551; Hancock v. Fidelity Mut. Life Ins. Co. (Tenn. Ch. App.) 53 S. W. 181."

In Vol. 2, 2nd Ed., the same writer says:

"The question whether a transaction sufficiently shows an intention to vest in the alleged assignee the right to the policy, or to a portion of the proceeds thereof, is dependent on the general rules governing the interpretation of contracts and gifts."

So we interpret the contract of assignment to have been a good, valid and binding contract, assigning the insurance policy and the proceeds thereof to City National Bank in Miami as security for the payment of the obligation owing to the Bank from and by Rand and, on authority of the opinion and judgment in the case of Moon v. Williams, *supra,* and cases there cited, as well as the other authorities cited herein, the decree appealed from should be reversed and the cause remanded with directions that a decree be entered not inconsistent with the views herein expressed.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.