119 So.2d 432 (1960)
Lennie L. ULERY, Individually and As Executrix of the Last Will and Testament of Crawford E. Ulery, Deceased, Ronald K. Ulery, Arnold D. Ulery and Carl D. Ulery, and Charles Ulery and Elsie Marie Ulery, Minors by Yula S. Burns, As Their Next Friend, Appellants,
v.
ASPHALT PAVING, INC., a Florida Corporation, Appellee.
No. B-268.
District Court of Appeal of Florida. First District.
April 7, 1960.
*434 Barnes & Slater, and Crawford & May, Jacksonville, for appellants.
Adair, Ulmer, Murchison, Kent & Ashby, Jacksonville, for appellee.
STURGIS, Judge.
This appeal is to review an order which upon motion of appellee, defendant below, finally dismissed the complaint for failure to state a cause for relief in equity. The allegations of fact as stated in the complaint are therefore taken as admitted.
The complaint reflects: That appellants are the widow and children of Crawford Ulery, deceased, who was the president and principal stockholder of the appellee corporation. Being the owner of two policies of insurance upon his life for $25,000 each (issued by Gulf Life Insurance Company, a party defendant below, who is not a party to this appeal), he assigned one of the policies to Orr & Company, Inc., and the other to Westfield Corporation as collateral security for obligations for which the appellee was primarily liable. The assignee corporations were co-plaintiffs below, but are not parties to this appeal.
At the time of the assignment the designated beneficiary of each policy was Clarice Ulery, who was then the wife of the insured. She predeceased him and he married appellant Lennie Ulery, who is his widow. The policies each contain a provision whereby upon the death of a designated beneficiary prior to death of the insured, the interest of such beneficiary vests in the insured. These provisions became operative by reason of Ulery's failure to designate a beneficiary in the stead of his first wife, Clarice, and upon his death the amount of the obligations due and payable by Asphalt Paving, Inc., to the assignees of said policies was and remains greater than the proceeds of the policies.
The appellants acknowledge by the complaint that the assignees are entitled to receive the entire proceeds of the respective policies for application, however, on their claims against the appellee, Asphalt Paving, Inc., and the co-plaintiff assignees acknowledge thereby that appellants are entitled to be subrogated to their claims against the appellee to the extent that the proceeds of said insurance are applied on account of appellee's obligations to the assignees.
Appellants claim to derive their interests under Section 222.13, Florida Statutes 1957, F.S.A.,[1] the pertinent provisions of which are as follows:
"Whenever any person shall die in this state leaving insurance on his life, the said insurance shall inure exclusively to the benefit of the child or children and husband or wife of such person in equal portions, or to any person for whose use and benefit such insurance is declared in the policy; * * * provided further, however, that whenever the insurance is for the benefit of the estate of the insured or is payable to the estate or to the insured, his executors, administrators or assigns, and in the event the insured should die intestate or die leaving a will which does not specifically bequeath the proceeds of any insurance in effect on the life of the decedent, such proceeds of any policy in effect at the time of the death of the insured and *435 made payable as above provided, shall be paid to the personal representative of the decedent's estate, and such payment shall discharge the insurer from any further liability under the policy." (Emphasis added.)
The assignments of the policies in suit provide that any claims thereunder against the insurer should be "subject to proof of interest by the assignee" of the policy. Demand was made upon the insurer to pay the policies of insurance and it refused to do so.
Upon the foregoing facts, plaintiffs sought a decree (1) determining their respective rights under the mentioned policies of insurance, (2) requiring the insurer to pay the proceeds thereof to the assignees for application on appellee's indebtedness, (3) subrogating the widow, children, and administratrix of the decendent to the rights of the assignees against the appellee to the extent the insurance proceeds are used for that purpose, and (4) by way of supplemental relief, sought judgments as follows: (a) against the insurer and in favor of Orr & Company, Inc., for the $25,000 maturity value of the policy assigned to it; (b) a judgment against the insurer and in favor of Westfield Corporation for the $25,000 maturity value of the policy assigned to it; and (c) consequent upon those judgments, and necessarily contingent upon payment thereof, a judgment in favor of appellants and against the appellee, Asphalt Paving, Inc., for $50,000, constituting the sum of the proceeds of the insurance policies so applied in payment of the debt for which appellee is primarily liable.
Appellee's motion to dismiss the complaint is bottomed on the ground that the complaint contains no allegations which would legally or equitably entitle the widow or heirs or the executrix of Crawford Ulery to be subrogated to any claims of the plaintiff against the defendant-appellee, Asphalt Paving, Inc., or to have any judgment against it. The order granting the motion recites:
"The assignments of the two policies each assigned `all dividend, benefit and advantage to be had or derived therefrom'. The Supreme Court has held that an assignment of a life insurance policy as collateral, which contains that language, operated not only as an assignment, but also constituted a change of beneficiary from the executors or administrators of the insured to the designated assignee only. Bancroft v. West, 128 Fla. 193, 174 So. 327.
"The Court is of the opinion that neither the widow nor the children of Crawford E. Ulery nor his executrix had any property rights in said insurance policies or their proceeds and that there is no basis upon which any of them may be subrogated to any rights which Orr & Company and Westfield Corporation may have against the defendant Asphalt Paving, Inc., or upon which said widow or children or said Executrix are entitled to any judgment in this cause against said defendant."
It is evident that the purpose of Section 222.13, Florida Statutes 1957, F.S.A., supra, is to limit the disposition of life insurance proceeds in such manner as to afford the greatest benefit to the surviving spouse and children of the insured, while preserving to the insured the power of appointment and other property rights normally enjoyable by the owner of the property right in the policy.
Having seen that the failure of the insured in this case to designate a substitute beneficiary for his deceased first wife operated to vest him with the rights otherwise enjoyable by a named beneficiary, it follows that except for the assignments involving the policies in suit, these proceeds, under the terms of the statute, would have inured "exclusively to the benefit of the child or children and husband or wife" of the insured in equal portions. And where, as in *436 this case, the insured assigns the policy as collateral security for the performance of an obligation primarily due by another, the insured and his successors in interest are endowed with the right of subrogation to the claim thus secured in accordance with applicable principles of law and equity.
The case of Bancroft v. West, 128 Fla. 193, 174 So. 327, 329, was relied on by the chancellor in granting appellee's motion to dismiss the complaint. This case, which first appeared before the Florida Supreme Court under the style of New York Life Ins. Co. v. Bancroft, 122 Fla. 10, 164 So. 515, is not controlling. In that case the designated beneficiary was the "executors, administrators or assigns" of the insured, Frederick Rand. Rand had assigned "all dividend, benefit and advantage to be had or derived therefrom" to the City National Bank of Miami, and the action was prosecuted by the bank's receiver, Bancroft, against the insurer and Rand's daughter and sole heir, Mrs. West. The assignment in that case was made to secure a direct obligation of the insured evidenced by his promissory note in favor of the bank-assignee  not that of a third party primarily liable to the assignee as in the case on appeal  and in that case, as here, the proceeds of the matured policy were inadequate to discharge the obligation of the note secured thereby. The cited suit was brought to recover on the policy, and the daughter of the insured assignor, to the exclusion of the bank and in the face of the assignment, claimed the proceeds of the policy under the provisions of Section 7065, C.G.L., which substantially parallels the within quoted provisions of Section 222.13, Florida Statutes 1957, F.S.A.
In the first appearance of the Bancroft case before the Supreme Court it was held that the daughter's claim depended on the scope and effect of her father's assignment to the bank; that the question between her and the bank as to which had the superior claim turned on the contract of assignment. On the second appearance, the Supreme Court held that the rights of the bank under the assignment were superior to those of the daughter. The same is true as between the rights of the appellant widow, children and executrix of the insured and those of the assignees in the case presently on review, and the complaint so admits. This admission does not mitigate, however, against appellants' substantive right of subrogation, which subject was not involved in the Bancroft case. The sole issue there was whether the assignment to the bank took precedence over the rights of the daughter of the insured under the statute. The primary issue on this appeal is whether the complaint states a case entitling appellants to a declaratory decree settling their rights in the premises. Collateral to that determination is the question of whether, assuming the allegations of the complaint are established, they are entitled to be subrogated to the claims of the assignee-creditors against the appellee to the extent that such claims are reduced by application of the proceeds of the respective policies of insurance assigned to secure those claims.
Subrogation, a creation of equity, is founded on the proposition of doing justice without regard to form, and was designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another. Trueman Fertilizer Co. v. Allison, Fla., 81 So.2d 734. The right of subrogation has been sustained in almost every conceivable type of transaction where the party invoking it has been required to pay a debt for which another is primarily answerable, and which in equity and good conscience the other ought to pay. Those claiming interests by, through or under a deceased surety or guarantor, as heirs or otherwise, assume the position of the decedent in respect to the right of subrogation.
A claim of subrogation may be adjudicated under a complaint seeking other relief, although the right of subrogation is brought into existence only by virtue of the principal decree. Brogan v. *437 Ferguson, 101 Fla. 1306, 1311, 131 So. 171, 133 So. 317. Thus in the instant suit the appellants, who seek a decree declaring their rights in the premises, are entitled, in the event their rights are determined in accordance with their contentions, to enforce their claim of subrogation against the party primarily liable and, under traditional rules governing equity practice, to have finally adjudicated all related matters in interest. Indeed, the transactions alleged by the complaint seem to present a classic example of a situation where a court of equity can and should exercise jurisdiction to the end that relief may be afforded and justice done without regard to form. See Federal Land Bank of Columbia v. Godwin, 1933, 107 Fla. 537, 145 So. 883, modifying, 1931, 107 Fla. 537, 136 So. 513.
It is generally the rule that where no other basis for equity jurisdiction is present, the right of subrogation does not exist until the entire obligation is discharged by the surety or guarantor. However, where a court of equity has jurisdiction of the subject matter and parties on separate grounds, as is the case here, it may nevertheless grant relief by way of subrogation without compelling the party entitled to resort to a separate proceeding. Brogan v. Ferguson, supra.
We conclude that the complaint in this cause adequately states a case for relief under Chapter 87, Florida Statutes, F.S.A., and that it was error to grant the motion to dismiss.
Reversed and remanded for proceedings consistent herewith.
WIGGINTON, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] The order appealed was entered June 2, 1959, prior to the effective date of Chapter 59-333, Laws of Florida 1959 (incorporated as Section 222.13, Florida Statutes, 1959, F.S.A.) whereby Section 222.13, Florida Statutes 1957, was amended in major particulars that do not, however, affect the issues on this appeal.