BERGER, J.,
concurring in part and dissenting in part.
I agree, in principle, with the majority and join in certifying the question as one of great public importance. However, because I believe the law as it currently stands precludes an initial tortfeasor from filing an independent equitable subrogation claim against a subsequent tortfeasor until the entire debt is paid, I would affirm. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 647 (Fla. 1999) (citing E. Nat’l Bank v. Glendale Fed. Sav. & Loan Ass’n, 508 So.2d 1323, 1324 (Fla. 3d DCA 1987)) (determining an initial tortfeasor may only maintain an equitable subrogation claim against a subsequent tortfeasor when he has fully discharged the underlying debt owed to the plaintiffs); see also Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702, 704 (Fla.1980) (“A subrogation suit is a separate, independent action against a subsequent tortfeasor by the initial tortfeasor. The injured party, having received full compensation for all injuries, is not a party to the litigation and is spared the trauma of an extensive malpractice trial.”); W. Am. Ins. Co. v. Yellow Cab Co. of Orlando, Inc., 495 So.2d 204, 206 (Fla. 5th DCA 1986) (“Subrogation provides an equitable remedy for restitution to one who in the performance of some duty has discharged a legal obligation which should have been met, either wholly or partially, by another.”); Munson & Assocs., Inc. v. Doctors Mercy Hosp., *169 458 So.2d 789, 791 (Fla. 5th DCA 1984) (“[Generally the rule that where no other basis for equity jurisdiction is present, the right of subrogation does not exist until the entire obligation is discharged.... ” (alterations in original) (quoting Ulery v. Asphalt Paving, Inc., 119 So.2d 432, 437 (Fla. 1st DCA 1960))); Furlong v. Leyboume, 138 So.2d 352, 356 (Fla. 3d DCA 1962) (“[T]he right to be subrogated to the rights and securities of the creditor extends to anyone paying any part of the debt of another provided the entire debt is paid”).