In the Matter of George **SHARIK** and Janet E. Sharik, Debtors.

Algernon L. **BUTLER,** Jr., Trustee in Bankruptcy for George Sharik and Janet E. Sharik, Plaintiff,

v.

George **SHARIK,** Defendant.

Bankruptcy No. M–84–00426–7. Adv. No. M–84–0132–AP.

United States Bankruptcy Court, E.D. North Carolina.

Aug. 17, 1984.

Algernon L. Butler, Jr., Wilmington, N.C., for plaintiff.

William A. Clark, Wilmington, N.C., for defendant.

## MEMORANDUM OPINION

THOMAS M. MOORE, Bankruptcy Judge.

This matter comes on to be heard upon the complaint to determine the bankruptcy estate's interest in life insurance proceeds and upon the joint motion for a judgment on the pleadings filed by the plaintiff and the defendant.

The material facts are not in dispute.

## FINDINGS OF FACT

1. George E. Sharik and Janet E. Sharik filed a voluntary Chapter 7 bankruptcy petition on March 14, 1984, and subsequently received their discharge.

2. Algernon L. Butler, Jr., is the duly appointed, qualified, and serving trustee in bankruptcy for the debtors, George Sharik and Janet E. Sharik.

3. On Schedule B–2 of the schedules accompanying the debtors' petition, a life insurance policy was listed as an asset of Janet E. Sharik. The policy, No. N670738H, was owned by Janet E. Sharik, debtor, and reflected George Sharik, debtor, as the beneficiary. The policy was issued by Life and Casualty Insurance Company of Tennessee in the coverage amount of Five Thousand and No/100 Dollars ($5,000.00).

4. Janet E. Sharik, debtor, claimed the life insurance policy as exempt on Schedule B–4 of the petition schedules pursuant to N.C.GEN.STAT. § 1C–1601(a)(6). The cash value of the policy on the petition date was Six Hundred Sixty-Nine and 50/100 Dollars ($669.50).

5. Within one hundred eighty (180) days of the filing of the bankruptcy petition, Janet E. Sharik, debtor, died, and George Sharik, debtor, as beneficiary under the life insurance policy, has claimed the policy proceeds.

6. The plaintiff-trustee claims ownership of the life insurance policy proceeds pursuant to 11 U.S.C. § 541(a)(5).

## ISSUE

The issue before the Court is whether the proceeds from the policy of life insurance are property of the bankruptcy estate of George Sharik or the property of George Sharik individually.

## CONSIDERATION OF ISSUE

Pursuant to 11 U.S.C. § 541(a)(5)(C), the Chapter 7 bankruptcy estate includes:

An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date as beneficiary of a life insurance policy or of a death benefit plan.

North Carolina General Statute § 1C–1601(a)(6) allows a debtor an exemption in a life insurance policy as provided by Article X, section 5 of the North Carolina Constitution. Where a person insures her own life for the sole benefit of her spouse or chil-

dren or both, the insurance proceeds, in the event of death, are free from all claims of creditors of the insured, and the policy shall not be subject to the claim of any creditor of the insured during the insured's life. N.C. CONST. art. X, § 5.

■ Upon filing a bankruptcy petition, a debtor can claim as exempt the value of her life insurance policy. There is no provision, however, that extends the protection of the life insurance exemption to the beneficiary of the policy once the proceeds are in the beneficiary's hands. The proceeds are treated like any other asset of the beneficiary and are available to his creditors, except to the extent an exemption or other protection is available to the beneficiary in his own right under applicable law. The result is no different where the beneficiary is the codebtor of the insured in a joint bankruptcy case. The Court determines the extent to which joint cases are to be consolidated, 11 U.S.C. § 302(b). Consolidation was not intended as a means· of avoiding other provisions of the Bankruptcy Code to the detriment of debtors or creditors, but was designed mainly for ease of case administration. H.R.Rep. No. 95–595, 95th Cong., 1st Sess 321 (1977), U.S. Code Cong. & Admin.News 1978, 5787. Each of the joint estates is a separate entity, and the exemptions available to each codebtor may only be claimed from his or her separate estate. *In re Howard,* 6 B.R. 220, 222, 6 B.C.D. 1011 (Bankr.S.D.Ohio 1980).

## CONCLUSIONS OF FACT AND LAW

■ The Court finds that the life insurance policy proceeds are not exempt pursuant to any exemption claimed by the insured, Janet E. Sharik, and the Court finds that no lawful exemption in the proceeds has been asserted by George Sharik, debtor, the policy beneficiary.

The Court concludes that, pursuant to 11 U.S.C. § 541(a)(5)(C), the life insurance proceeds are property of the Chapter 7 bankruptcy estate of George Sharik and should be delivered to the trustee for administration.