In re William Robert SCHLOTTMAN and Linda Marie Schlottman, Debtors.

No. 9:00–BK–19819–ALP.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Nov. 12, 2004.

Edward R. Miller, Naples, FL, for Debtors.

### ORDER ON MOTION FOR 11 U.S.C. SECTION 1328(b) DISCHARGE

(Doc. No. 35)

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration in this Chapter 13 case of William Robert Schlottman and Linda Marie Schlottman (Debtors) is a Motion for 11 U.S.C. Section 1328(b) Discharge (Doc. No. 35), filed by Linda Schlottman. The Motion which ap-pears to be raising an issue of first impression, involves the interpretation of Section 1328(b), Section 1306 and Section 541(a)(5) of the Bankruptcy Code. The facts relevant to the issues under consideration are without dispute and can be summarized as follows:

On December 26, 2000, the Debtors filed their Petition for Relief under Chapter 13. The Chapter 13 Plan was confirmed on September 27, 2002. The Plan was a 60 month Plan and the Debtors performed under the Plan until Mr. Schlottman passed away.

It is without dispute that the Debtors paid under the Plan a sum which is greater than what the creditors would have received under a Chapter 7. Thus, facially, the Motion meets the requirements of Section 1328(b)(2) of the Code. It is also without dispute that the life of Mr. Schlottman was insured and the widow, Mrs. Schlottman, received $50,000 pursuant to a life insurance policy. It is also without dispute that the Debtor, Mr. Schlottman, died outside of the 180–days following the filing of the Petition. Pursuant to Section 541(a)(5) of the Code, if Mr. Schlottman had died within the 180–day period, the proceeds of the life insurance policy would have been property of the estate if the case had been a Chapter 7.

However, since this is a Chapter 13 case, this Court must consider the impact of Section 1306(a)(1) of the Code, which provides that property of the estate includes, in addition to property specified in Section 541 of the Code, all property of the kind that the debtor acquires after the commencement of a case *but* before the case is closed, dismissed or converted to a case Under Chapter 7, 11 or 12 of Title 11. (Emphasis supplied).

The Chapter 13 Trustee (Trustee) contends that Section 1306 is applicable in this

instance. Moreover, the Trustee also contends that the widow does not meet the requirements for a hardship discharge under Section 1328(b)(1) and (2) of the Code and fails to meet the requirements of Section 1328(b)(3) of the Code, which requires that before the debtor would be entitled to a hardship discharge, modification of the Plan under Section 1329 of the Code is not practical.

Neither counsel nor independent research by this Court was able to discover any persuasive authority which would be helpful to resolve the threshold question, which is: Whether or not the proceeds of the life insurance policy which Mrs. Schlottman became entitled to after the 180 days from the commencement of the case is property of her estate pursuant to Section 1306(a)(1) of the Code, notwithstanding the undisputed fact that in a Chapter 7 case the proceeds would not have been property of the estate because she became entitled to the proceeds after the expiration of the 180 days provided by Section 541(a)(5) of the Code.

It should be evident from the foregoing that this issue cannot be resolved without construing the seemingly conflicting Code provisions between Section 1306(a)(1) and Section 541(a)(5) of the Code. The literal reading of a text of Section 1306(a)(1) of the Code might lead one to the conclusion that since she became entitled to the proceeds before the case was closed, dismissed or converted, the proceeds of the life insurance policy would be property of Mrs. Schlottman's estate even though under Section 541(a)(5) of the Code, they would not be. One ordinarily might resolve some issues by the doctrine that the Supreme Court enunciated in the case of *United States v. Ron Pair Enterprises,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989), which requires the courts to interpret a statutory provision under the plain meaning doctrine and dictates that courts should not consider anything outside of the text as written, such as, legislative history of the section involved.

Pursuant to Section 1306(a)(1), property of the estate includes, in addition to the property specified in Section 541:

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed ... and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed ...

It is fair to conclude that if the provisions of Section 541 apply to define property of the estate, the exclusions also apply as set forth in Section 541(a)(5):

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition and that the debtor acquires or becomes entitled to acquire **within 180 days after such date**: (emphasis supplied)

(A) By bequest, devise or inheritance;

(B) As a result of a property settlement agreement with the debtor's spouse ...

(C) As a beneficiary of a life insurance policy or of a death benefit plan.

From the foregoing, it appears that the proceeds of this life insurance policy did not become property of Mrs. Schlottman's estate. This conclusion, however, unfortunately only deals with half the loaf and still requires consideration of whether or not Mrs. Schlottman is entitled to a hardship discharge notwithstanding the fact that she is unable to meet the requirements of Section 1328(b)(3) of the Code, which requires a showing that the modification of the Plan under Section 1329 of the Code, is

not practicable. Clearly, the money she received from a settlement of the life insurance policy would be more than ample to satisfy in full, all of the allowed claims. The question is, can she be compelled to make a choice of obtaining a hardship discharge or lose some of the proceeds of the life insurance policy.

Considering the entire scheme of the Chapter 13 case, it is appropriate to consider the availability of these funds and to devote some of it to the Plan. This being the case, this Court is constrained to conclude that she is not entitled to a hardship discharge unless she is able to establish that the funds received under the life insurance policy are reasonably necessary for her support and maintenance, or for the support of dependants she has, if any.

Accordingly, *it is*

ORDERED, ADJUDGED AND DECREED that the Motion for 11 U.S.C. Section 1328(b) Discharge (Doc. No. 35) be, and the same is hereby, denied without prejudice with leave granted to Mrs. Schlottman to present competent evidence to satisfy the requirements for hardship discharge as outlined above not later than fifteen (15) days from the date of the entry of this Order.