**In re Richard S. and Norma L. BRINKLEY, Debtors.**

**No. 5:03 BK 76509.**

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

March 15, 2005.

Stanley V. Bond, Fayetteville, AR, for Chapter 7 Trustee.

Jack Martin, for debtors.

## OPINION AND ORDER

RICHARD TAYLOR, Bankruptcy Judge.

Before the Court are the following pleadings:

- Motion For Turnover, filed by the trustee on August 9, 2004;
- Answer to Motion For Turnover, filed by the debtors on August 18, 2004;
- Objection to Claim of Exemptions and Amended Motion For Turnover, filed by the trustee on August 25, 2004;
- Motion to Dismiss Joint Debtor Richard Brinkley, filed by the separate debtor Norma Brinkley on September 1, 2004;
- Response to Motion to Dismiss Joint Debtor, Richard Brinkley, filed by the trustee on September 2, 2004; and
- Amended Motion to Dismiss Joint Debtor Richard Brinkley, filed by the separate debtor Norma Brinkley on September 3, 2004.

The Court scheduled a hearing on the pleadings for January 13, 2005, at which time the parties announced their intention to present the matter to the Court by respective motions for summary judgment. On January 25, 2005, the parties filed a Joint Statement of Undisputed Facts, which are set out below. On January 28, 2005, the debtors filed their Motion For Summary Judgment, and on January 31, 2005, the trustee filed her Motion For Summary Judgment.

This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (E). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9014(c). For the reasons stated below, the Court denies the trustee's motion for summary judgment in full and grants the debtors' motion for summary judgment to the extent it addresses the trustee's motion for turnover and objection to claim of exemptions. The trustee's and debtors' motions for summary judgment relating to the dismissal of the separate debtor Richard Brinkley are denied.

### Joint Statement of Undisputed Facts

Following are the parties' Joint Statement of Undisputed Facts, which lay out the factual background of the case:

1. Richard S Brinkley & Norma L Brinkley (hereinafter "debtors" when referred to collectively), husband and wife, commenced a chapter 13 petition on 1st October 2003.

2. Schedule B to the debtors' 1st October 2003 chapter 13 petition did not list as an asset of the debtors any life insurance policy with Met Life or proceeds from any such policy. The debtors amended their schedules B and/or C on 23rd August 2004 and on 10th November 2004 to indicate the existence and payment of the life insurance proceeds.

3. The debtors' finally proposed chapter 13 plan was confirmed 6th February 2004.

4. Debtor Richard Brinkley died 6th June 2004. His death was not the result of an accident.

5. Upon the death of Richard Brinkley, debtor Norma Brinkley became entitled to sixty-four thousand sixty dollars ($64,060.00) in proceeds from a life insurance policy on the life of Richard Brinkley. The life insurance policy was payable by Met Life.

6. Debtor Norma Brinkley received the $64,060.00 in proceeds on or about 27th June 2004.

7. The debtors' chapter 13 case was converted to a case under chapter 7 on 7th July 2004.

8. Debtor Norma Brinkley was advised by her legal counsel, Jack & Holly Martin, Attorneys, that the life insurance proceeds were not property of the bankruptcy estate.

9. The debtors' legal counsel relied on § 541(a)(5)(C) of the Bankruptcy Code to counsel debtor Norma Brinkley that the life insurance proceeds were not property of the bankruptcy estate.

10. Debtor Norma Brinkley has spent all of the insurance proceeds as follows:

— $55,000.00 on home mortgage

— $3500.00 to pay-off vehicle loan

— $4000.00 for burial expenses

— $1563.00 for a coffin for Richard Brinkley

The $4000.00 burial expense and the $1563.00 coffin expense were paid to or on behalf of Tom Brinkley, the father of Richard Brinkley, to reimburse Tom Brinkley for burial and coffin expenses.

11. Debtor Norma Brinkley refinanced the balance of the home mortgage and now has debt secured by a mortgage on her home of approximately $21,000.00.

Her monthly home mortgage payments are $299.00 per month, although she usually pays $300.00 per month. The mortgage payments before the refinancing were between $589.00 and $643.14 per month.

12. Debtor Norma Brinkley's household income is from Social Security death benefits payable to her children in the gross monthly amount of $557.00 per child or a monthly total of $2,228.00.

13. Debtor Norma Brinkley is twenty-seven years old and has four (4) children aged seven years, six years, three years and one and one-half years.

14. The debt to Primus Financial as scheduled in the debtors' schedules is in debtor Richard Brinkley's name alone and the lawsuit to collect that debt that is currently pending names only Richard Brinkley as defendant.

## Summary Judgment

This is a contested matter under Federal Rule of Bankruptcy Procedure 9014, which states that Federal Rule of Bankruptcy Procedure 7056 applies. Federal Rule of Bankruptcy Procedure 7056 provides that Federal Rule of Civil Procedure 56 is applicable to this type of proceeding. Rule 56 states that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is on the movant to establish the absence of material fact and identify portions of pleadings, depositions, answers to interrogatories, admissions on file, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The

burden then shifts to the non-moving party, who must then "go beyond the pleadings" and by his or her own affidavits, depositions, answers to interrogatories, and/or admissions on file, designate specific facts to demonstrate that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548. When ruling on a summary judgment motion, the Court must view the facts in the light most favorable to the non-moving party and allow that party the benefit of all reasonable inferences to be drawn from the evidence. *Ferguson v. Cape Girardeau Cty.,* 88 F.3d 647, 650 (8th Cir.1996). In this case, there is no genuine issue as to the material facts necessary to determine whether the trustee is entitled to the insurance proceeds. The facts have been submitted to the Court by the joint stipulations of the parties, the pleadings, and the motions for summary judgment.

## Findings of Fact and Conclusions of Law

The outcome of this case hinges upon whether the proceeds that separate debtor Norma Brinkley received as a result of an insurance payment upon the death of separate debtor Richard Brinkley were property of the estate after the debtors converted their case from chapter 13 to chapter 7. In order to make this determination, the Court needs to look at the history of the case.

■ The Brinkleys filed a chapter 13 joint petition on October 1, 2003. Apparently, at that time Richard Brinkley held an unmatured life insurance policy and Norma Brinkley was the named beneficiary. Under the code, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Regardless of whether the insurance policy was term insurance with no cash value or whole life insurance with or without a cash value, the policy was property of the estate at the time of filing and should have been disclosed on the debtors' schedule B. The debtors admit that the policy was not disclosed.

■ Directly related to the undisclosed insurance policy are the proceeds from that policy that Norma Brinkley received upon the death of Richard Brinkley on June 6, 2004. At the time the debtors filed their petition, the proceeds did not exist. Norma Brinkley had a mere expectancy right in the proceeds, not a vested interest. The beneficiary's expectancy interest and the unmatured insurance policy are separate assets. Although the policy should have been disclosed as property of the estate, the expectancy interest was not property of the estate at the time of filing and did not need to be disclosed at that time. Section 541(a)(5) recognizes this outcome by expressly incorporating into the estate any interest in property that "the debtor acquires or becomes entitled to acquire within 180 days after [the filing of the petition] ... as a beneficiary of a life insurance policy or of a death benefit plan." 11 U.S.C. § 541(a)(5). Had the expectancy interest been property of the estate at the time of filing, this statutory language would not be necessary. *In re Trautman,* 296 B.R. 651, 655 (Bankr. W.D.N.Y.2003)

■ Section 1306 of the code expands the 180 day inclusionary period in a chapter 13 case. In addition to the property described in § 541(a), in a chapter 13 case property of the estate includes "all property of the kind specified in such section [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, 12 of this title, whichever occurs first." 11 U.S.C. § 1306(a)(1). In other words, property of

the estate in a chapter 13 case includes not only the § 541 definition of property, but also any property acquired during the pendency of the chapter 13 case. *Education Assistance Corp. v. Zellner,* 827 F.2d 1222, 1224 (8th Cir.1987); *see also In re Guentert,* 206 B.R. 958, 962 (Bankr.W.D.Mo. 1997). Norma Brinkley received the proceeds from her husband's life insurance policy after the 180 day period had run, but before the chapter 13 case was converted to a case under chapter 7. As such, the proceeds were property of the estate when they were acquired. Under the bankruptcy rules, within ten days of acquiring the interest in property, Norma Brinkley was to have filed a supplemental schedule in her chapter 13 case disclosing the receipt of this property. If the property was to be claimed exempt, she should have claimed the exemption in the supplemental schedule. Fed. R. Bankr.P. 1007(h). She did neither.

■ As a general rule, property that is not abandoned or administered remains property of the estate. 11 U.S.C. § 554(d). In order for property to be abandoned or administered, it must be scheduled in accordance with § 521(1) and Federal Rule of Bankruptcy Procedure 1007(h). *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir. 1991). It would appear, then, that the proceeds Norma Brinkley received from Richard Brinkley's life insurance policy would remain property of the estate, regardless of the case being closed, dismissed, or converted.

■ However, that result does not comport with § 348(f) of the code, which was added by the Bankruptcy Reform Act of 1994, Pub.L. 103–394 (Oct. 22, 1994). Section 348(f) states as follows:

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion.

. . .

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(f). According to Collier on Bankruptcy, "[u]nder section 348(f), it is clear that, in most cases, the property that came into the estate *only because of section 1306(a)* is not included in the estate in the converted case." 8 Collier on Bankruptcy ¶ 1306.04, at 1306–8 (15th ed. rev.2004) (emphasis added). In enacting § 348(f), Congress adopted the rationale contained in a Third Circuit Court of Appeals case that stated,

[t]his result is consonant with the Bankruptcy Code's goal of encouraging the use of debt repayment plans rather than liquidation. *See* .H.R.Rep. No. 595, 95th Cong. 1st Sess 118 (1977), U.S.Code Cong. & Admin. News p. 5904. If debtors must take the risk that property acquired during the course of an attempt at repayment will have to be liquidated for the benefit of creditors if chapter 13 proves unavailing, the incentive to give chapter 13—which must be voluntary—a try will be greatly diminished. Conversely, when chapter 13 does prove unavailing, "no reason of policy suggests itself why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts . . . ." *In*

*re Hannan,* 24 B.R. 691, 692 (Bankr. E.D.N.Y.1982).

*Bobroff v. Continental Bank (In re Bobroff),* 766 F.2d 797, 803–04 (3d Cir.1985). Congress's intent was to "avoid penalizing debtors for their chapter 13 efforts by placing them in the same economic position they would have occupied if they had filed chapter 7 originally." *In re Fobber,* 256 B.R. 268, 277–78 (Bankr.E.D.Tenn. 2000).

In this case, because the insurance proceeds were received after the 180 day inclusionary period, they were property of the estate only as a result of § 1306(a). The trustee did not allege, nor do the stipulated facts suggest, that the debtors converted the case in bad faith. Because of that, the Court finds that the proceeds Norma Brinkley received as a result of Richard Brinkley's insurance policy were not property of the estate upon the conversion of this case to chapter 7. Accordingly, to the extent they relate to the insurance proceeds, the trustee's motion for summary judgment and motion for turnover are denied and the trustee's objection to claim of exemptions is overruled. To the extent the debtors' motion for summary judgment relates to the insurance proceeds, it is granted.

Both parties included in their respective motions for summary judgment information relating to the debtors' motion to dismiss Richard Brinkley from the debtors' chapter 7 case. Because the parties failed to state sufficient facts from which the Court can determine if cause exists to dismiss Richard Brinkley, *see* 11 U.S.C. § 707(a), and because the holding with regard to the insurance proceeds may significantly change each parties' argument, the Court denies each motion for summary judgment to the extent it relates to the debtors' motion to dismiss. The Court will set the motion to dismiss and the trustee's response for hearing by subsequent order.

**IT IS SO ORDERED.**