**In re Bruce W. MORRISON and Judith A. Morrison, Debtors.**

**No. 8:06–bk–1590–PMG.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 2, 2009.

---

Ziona Kopelovich, Debt Relief Law Offices of Tampa Bay LLC, New Port Richey, FL, for Debtors.

David B. McEwen, Attorney for Trustee, David B. McEwen, P.A., St. Petersburg, FL, for Trustee.

**ORDER ON DEBTOR'S MOTION FOR REHEARING AND/OR RECONSIDERATION OF ORDER ON (1) TRUSTEE'S MOTION TO TURN OVER PROPERTY OF THE ESTATE, AND (2) TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTIONS**

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Debtor's Motion for Rehearing and/or Reconsideration of Order on (1) Trustee's Motion to Turn Over Property of the Estate, and (2) Trustee's Objection to Debtor's Amended Claim of Exemptions.

The Debtors, Bruce and Judith Morrison, filed a joint case under Chapter 13 in April, 2006. In September, 2007, more than 180 days after the filing of the peti-

tion, Bruce Morrison died. In October, 2007, Judith Morrison converted the case to a case under Chapter 7, and in November, 2007, Judith Morrison received the sum of $10,000.00 as the beneficiary of Bruce Morrison's life insurance policy. Generally, the issue in this case is whether the life insurance benefits are property of Judith Morrison's bankruptcy estate in her converted case.

The Court previously entered an order determining that the life insurance benefits are property of the estate as "proceeds" of the underlying insurance policy. In the Motion presently before the Court, the Debtor, Judith Morrison, asks the Court to reconsider its Order.

## Background

The Debtors, Bruce W. Morrison and Judith A. Morrison, filed a petition under Chapter 13 of the Bankruptcy Code on April 8, 2006.

Approximately one month before the petition was filed, the Debtor, Bruce Morrison, obtained a life insurance policy through his employer. It appears from the record that Bruce Morrison was the insured under the policy, and that Judith Morrison was the beneficiary under the policy. The policy was not disclosed on the Debtors' Schedule of Assets filed with the petition.

On September 22, 2006, the Court entered an Order confirming the Debtors' Chapter 13 Plan. (Doc. 35).

Bruce Morrison died on September 19, 2007, approximately one year after the Chapter 13 Plan was confirmed, and approximately seventeen months after the petition was filed. (Doc. 46).

On October 30, 2007, the Chapter 13 case was converted to a case under Chapter 7 of the Bankruptcy Code. (Doc. 47).

On or about November 22, 2007, Judith Morrison received the sum of $10,000.00

from Aetna Life Insurance Company. The funds represent the proceeds of the insurance policy on Bruce Morrison's life. Judith Morrison contends that she will not receive any additional benefits under the policy because her husband's death was the result of a suicide. (Doc. 84, pp. 6–7).

On January 3, 2008, the Chapter 7 Trustee filed a Motion to Turn Over Property of the Estate. (Doc. 68).

On January 14, 2008, Judith Morrison filed an Amendment to her Bankruptcy Schedules and disclosed a "100% ownership" interest in the insurance policy. She also claimed the interest as exempt pursuant to § 222.13 and § 222.14 of the Florida Statutes. (Doc. 71).

On January 22, 2008, the Chapter 7 Trustee filed an Objection to Debtors' Amended Claim of Exemptions. (Doc. 74). Generally, the Trustee asserts that the proceeds of the life insurance policy are property of the estate pursuant to § 541(a) of the Bankruptcy Code, and that the proceeds are not exempt pursuant to Chapter 222 of the Florida Statutes.

On August 19, 2008, the Court entered an Order determining that the insurance policy on the life of Bruce Morrison was property of the estate as of the petition date pursuant to § 541(a)($l$) of the Bankruptcy Code, and that the benefits paid to Judith Morrison are property of the estate as "proceeds" of the life insurance policy pursuant to § 541(a)(6) of the Bankruptcy Code. (Doc. 95).

In the Motion currently before the Court, the Debtor, Judith Morrison, asks the Court to reconsider its Order. (Doc. 99).

## Discussion

■ The issue in this case is whether life insurance proceeds are property of the estate in a joint case, if the debtor/insured

dies and the joint debtor/beneficiary receives the proceeds more than 180 days after the filing of the bankruptcy petition.

The Court previously determined that "the underlying life insurance policy was property of the estate pursuant to § 541(a)(1) of the Bankruptcy Code, and that the benefits paid to the co-Debtor are property of the estate as 'proceeds' of the policy pursuant to § 541(a)(6) of the Bankruptcy Code." (Doc. 95, p. 11). The Court's Order was therefore predicated on the characterization of the benefits as "proceeds" of property of the estate within the meaning of § 541(a)(6).

The Debtor contends, however, that this issue is governed by § 541(a)(5) of the Bankruptcy Code, instead of § 541(a)(6), since § 541(a)(5) deals specifically with property interests acquired by a debtor as the beneficiary of a life insurance policy. (Doc. 99, ¶ 16 J–L).

Section 541(a)(5) and § 541(a)(6) provide in part:

**11 USC § 541. Property of the estate**

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

. . .

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

. . .

(C) as a beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate except such as are earnings from services performed by an individual debtor after the commencement of the case.

11 U.S.C. § 541(a)(5),(6).

■ In this case, it is undisputed that Bruce Morrison's life insurance policy was property of his bankruptcy estate, and that the benefits paid to Judith Morrison represent "proceeds" of the life insurance policy as that term is broadly defined. Upon reconsideration, however, the Court determines that § 541(a)(6) does not control the outcome of this case. Although the benefits received by Judith Morrison are "proceeds" of her husband's life insurance policy, they are not proceeds of or from property of Judith Morrison's estate as of the petition date. The distinction, as recognized by Courts that have evaluated the issue, lies in the concept that the filing of a joint case under § 302 of the Bankruptcy Code does not automatically create a single, consolidated estate consisting of the property of both spouses.

The specific situation involves the filing of a joint case by a husband and wife, where one spouse is the owner and insured under a life insurance policy, and the other spouse is the named beneficiary under the policy. If the insured dies within 180 days of the filing of the joint case, Courts generally find that the benefits received by the spouse are property of the estate pursuant to the express provision of § 541(a)(5). *In re Bauer,* 343 B.R. 234 (Bankr.W.D.Mo.2006); *In re Sharik,* 41 B.R. 388 (Bankr.E.D.N.C.1984).

Where the insured dies more than 180 days after the filing of the petition, however, Courts have relied on the premise that the filing of the joint petition had actually created two separate estates, and that the beneficiary only possessed an "expectancy"

interest in the policy when the joint petition was filed. Since the "expectancy" did not rise to the level of a property interest as of the filing date, the proceeds of the expectancy do not constitute property of the beneficiary's estate under § 541(a)(6) when received upon the death of the insured. Further, since the beneficiary became entitled to the benefits more than 180 after the filing, the benefits are not property of the estate by virtue of § 541(a)(5) of the Bankruptcy Code. Courts generally conclude, therefore, that the benefits acquired by the beneficiary more than 180 days after the petition date are not property of the beneficiary's bankruptcy estate under § 541 of the Bankruptcy Code.

## A. The estates of joint debtors are separate under § 302.

As indicated above, Courts that have examined the status of life insurance policies in joint bankruptcy cases have relied on the premise that the filing of a joint petition creates two separate estates. ▮▮▮ Section 302 of the Bankruptcy Code provides as follows:

**11 USC § 302. Joint cases**

(a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

(b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtor's estates shall be consolidated.

11 U.S.C. § 302. "Section 302(a) permits a married couple to file a joint petition. Section 302 is designed for ease of administration and to permit the payment of one filing fee. *In re Crowell,* 53 B.R. 555, 557 (Bankr.M.D.Tenn.1985). But, as the Debtor points out, the joint petition actually creates two separate bankruptcy estates." *In re Estrada,* 224 B.R. 132, 135 (Bankr. S.D.Cal.1998) (citations omitted). Unless the joint debtors' estates are consolidated by the Court pursuant to § 302(b), the two estates remain separate. *In re Estrada,* 224 B.R. at 135.

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure supports the conclusion that the filing of a joint case creates two separate estates. Rule 1015(b) provides in part:

**Rule 1015. Consolidation or Joint Administration of Cases Pending in Same Court**

. . .

**(b) CASES INVOLVING TWO OR MORE RELATED DEBTORS.** *If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife .... the court may order a joint administration of the estates.* Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest....

Fed.R.Bankr.P. 1015(b)(Emphasis supplied). See also *In re Goldstein,* 383 B.R. 496, 500 (Bankr.C.D.Cal.2007).

The Eleventh Circuit Court of Appeals adheres to the determination that the filing of a joint petition creates two separate estates. "The filing of a joint petition by a husband and wife does not result in the automatic substantive consolidation of the two debtors' estates.... Used as a matter of convenience and cost saving, it does not create substantive rights." *In re Reider,* 31 F.3d 1102, 1109 (11th Cir.1994).

■ "Under joint administration, the estate of each debtor remains separate and distinct." *In re Payne,* 2004 WL 2757907 (Bankr.M.D.N.C.).

**B. The beneficiary of a life insurance policy has only an expectancy interest that is not property of the estate.**

This case, of course, involves a joint petition in which one spouse was the insured under a life insurance policy on the petition date, and the other spouse was the named beneficiary under the policy.

■ Under Florida law, the beneficiary of a life insurance policy acquires "no vested right or interest during the life of the insured, but only an expectancy," to the extent that the right to change the beneficiary rests solely with the insured. *Cooper v. Muccitelli,* 661 So.2d 52, 53 (Fla. 2d DCA 1995).

> Where, under the terms of a life insurance policy, there is reserved in the insured the right without the consent of the beneficiary to change the beneficiary first named in the policy upon the sole condition that the assent of the insurer be acquired, the beneficiary named in the policy acquires no vested right or interest during the life of the insured, but only acquires an expectancy.

*Moon v. Williams,* 102 Fla. 214, 135 So. 555, 557 (1931). See also *Metropolitan Life Insurance Company, Inc. v. Dunn,* 243 F.Supp.2d 1358, 1362 (M.D.Fla.2003) and *Waller v. Pope,* 715 So.2d 958, 960 (Fla. 2d DCA 1998).

Where the beneficiary of a life insurance policy is a debtor in a bankruptcy case, it is generally held that the beneficiary's expectancy interest is not property of his or her bankruptcy estate. In *Wornick v. Gaffney,* 544 F.3d 486, 2008 WL 4349810 (2d Cir.), for example, the Court found:

> Under New York law, the revocable beneficiary of a life insurance policy has "a mere expectancy or ... an inchoate right [in the policy] depending entirely upon the will of the insured." (Citation omitted.) As such, the beneficiary has no legal or equitable interest in the policy that could be made part of the property of the beneficiary's bankruptcy estate.

*Wornick v. Gaffney,* 2008 WL 4349810, at *2. See also *In re Brinkley,* 323 B.R. 685, 689 (Bankr.W.D.Ark.2005)(The beneficiary had a "mere expectancy right in the proceeds, not a vested interest," with the result that the expectancy interest was not property of the beneficiary's bankruptcy estate at the time of filing under § 541(a) of the Bankruptcy Code.).

**C. If a debtor does not become entitled to life insurance benefits within 180 days of the bankruptcy filing, the benefits are not property of the estate under § 541(a).**

■ As shown above, the filing of a joint petition by a husband and wife creates two separate bankruptcy estates. Where one spouse is the beneficiary of an insurance policy insuring the life of the other spouse, the beneficiary has only an expectancy interest as of the petition date that is not property of the beneficiary's separate bankruptcy estate.

> At the time the debtors filed their [joint] petition, the proceeds [of the husband's life insurance policy] did not exist. Norma Brinkley had a mere expectancy right in the proceeds, not a vested interest. The beneficiary's expectancy interest and the unmatured insurance policy are separate assets. Although the policy should have been disclosed as property of the estate, the expectancy interest was not property of the estate at the time of filing and did not need to be disclosed at that time. Section 541(a)(5)

recognizes this outcome by expressly incorporating into the estate any interest in property that "the debtor acquires or becomes entitled to acquire within 180 days after [the filing of the petition] ... as a beneficiary of a life insurance policy or of a death benefit plan." 11 U.S.C. § 541(a)(5). *Had the expectancy interest been property of the estate at the time of filing, this statutory language would not be necessary. In re Trautman*, 296 B.R. 651, 655 (Bankr.W.D.N.Y. 2003).

*In re Brinkley*, 323 B.R. 685, 689 (Bankr.W.D.Ark.2005)(Emphasis supplied).

In other words, § 541(a)(5) brings into a debtor's estate any property interest that the debtor acquires or becomes entitled to acquire within 180 days of the petition as the beneficiary of a life insurance policy. If the debtor/beneficiary's expectancy interest under the policy had been property of the estate as of the petition date, § 541(a)(5) would not be necessary because the postpetition benefits would be property of the estate under § 541(a)(*l*), as a legal or equitable interest as of the petition date, or under § 541(a)(6), as "proceeds" of property of the estate.

Since the joint debtor's expectancy interest is not property of her separate bankruptcy estate, however, the benefits derived from the expectancy interest are not property of her bankruptcy estate under § 541(a)(*l*) or § 541(a)(6). Accordingly, § 541(a)(5) was included in the Bankruptcy Code to specifically address benefits received as the beneficiary of a life insurance policy.

If the insured under the policy dies within 180 days of the petition date, of course, Courts generally find that the benefits received by the beneficiary are property of the estate because they fit squarely within the express provision of § 541(a)(5)(C). *In re Bauer*, 343 B.R. 234

(Bankr.W.D.Mo.2006); *In re Sharik*, 41 B.R. 388 (Bankr.E.D.N.C.1984).

If the insured dies and the beneficiary becomes entitled to the benefits more than 180 days after the petition is filed, however, Courts generally find that the benefits are not property of the beneficiary's estate under § 541(a) of the Bankruptcy Code.

Section 541(a)(5) of the Bankruptcy Code, entitled "Property of the Estate," accords with this well-established principle [that a beneficiary has no property interest that is part of the estate] by providing that a debtor's interest in a life insurance policy is *only* property of the bankruptcy estate when the debtor acquires or becomes entitled to acquire the proceeds *either before or within* 180 days of filing the bankruptcy petition. *Wornick v. Gaffney*, 2008 WL 4349810, at *2(Emphasis supplied). According to the Court in *Wornick*, § 541(a)(5) is a restrictive provision that brings life insurance benefits into an estate *only* if they are acquired within 180 days of the petition date. If the benefits are acquired more than 180 days after the petition date, however, the Court in *Wornick* indicates that § 541(a)(5) operates to exclude the proceeds from the debtor's estate.

The decision of the Second Circuit Court of Appeals in *Wornick* is in accord with the Court's decision in *In re Schlottman*, 319 B.R. 23 (Bankr.M.D.Fla.2004). In that case, the Court concluded that a debtor's benefits from her husband's life insurance policy were not property of the estate because she became entitled to the benefits more than 180 days after the petition date. Similarly, in *In re Carter*, 260 B.R. 130, 134 (Bankr.W.D.Tenn.2001), the Court determined that certain life insurance proceeds did not become property of the debtor/wife's bankruptcy estate, because she became entitled to acquire the proceeds under the debtor/husband's policy more

than 180 days after the filing of the joint petition.

### D. The benefits may be property of a Chapter 13 estate under § 1306 of the Bankruptcy Code.

In this case, Judith Morrison became entitled to the benefits under her husband's life insurance policy more than 180 days after the filing of their bankruptcy petition. Consequently, the proceeds are not property of Judith Morrison's bankruptcy estate under § 541(a) of the Bankruptcy Code.

The proceeds may have become property of her Chapter 13 estate, however, pursuant to § 1306(a) of the Bankruptcy Code. "Section 1306 of the code expands the 180 day inclusionary period in a chapter 13 case." *In re Brinkley*, 323 B.R. at 689.

Specifically, § 1306(a) provides that property of the estate in Chapter 13 cases "includes, in addition to the property specified in section 541 of this title—(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. § 1306(a).

"In other words, property of the estate in a chapter 13 case includes not only the § 541 definition of property, but also any property acquired during the pendency of the chapter 13 case." *In re Brinkley*, 323 B.R. at 689–90(citing *Education Assistance Corp. v. Zellner*, 827 F.2d 1222, 1224 (8th Cir.1987)).

Judith Morrison became entitled to the proceeds of her husband's life insurance policy while her bankruptcy case was pending as a Chapter 13 case. Although the Debtors' Chapter 13 Plan had been confirmed, the Chapter 13 case had not been closed, dismissed, or converted at the time of Bruce Morrison's death. Consequently, it appears that the life insurance proceeds may have become property of Judith Morrison's Chapter 13 estate pursuant to § 1306(a) of the Bankruptcy Code.

### E. The proceeds of the life insurance policy were excluded from property of the Judith Morrison's Chapter 7 estate upon conversion.

█ Approximately 6 weeks after the death of Bruce Morrison, however, Judith Morrison converted the Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code.

Section 348 of the Bankruptcy Code governs the effect of converting a case under one chapter to a case under another chapter. Section 348(f)(1) provides in part:

**11 USC § 348. Effect of conversion**

. . .

█ (f)(1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of *property of the estate, as of the date of filing of the petition,* that remains in the possession of or is under the control of the debtor on the date of conversion.

11 U.S.C. § 348(f)(1)(A)(Emphasis supplied). Under § 348(f)(1), property of the estate in a converted case consists of property of the estate as of the date that the petition was filed, and is determined according to the filing date of the original Chapter 13 petition. *In re John*, 352 B.R. 895, 899 (Bankr.N.D.Fla.2006).

█ Specifically, under § 348(f)(*l*)(A), it is generally recognized that property that came into a chapter 13

estate pursuant to § 1306(a) is not included in a subsequent chapter 7 estate upon the conversion of the case. *In re Brinkley*, 323 B.R. at 690(citing 8 Collier on Bankruptcy, ¶ 1306.04, at 1306–8 (15th ed. Rev.2004)).

> Section 348(f)(1)(A) adopts the reasoning that allowing postpetition property to be part of the estate upon conversion would deter incentive toward chapter 13 filing and would be inconsistent with the Bankruptcy Code's goal to encourage repayment plans instead of liquidation. (Citations omitted.) The provision "establishes that property acquired after the Chapter 13 filing and before discharge under Chapter 7 is not part of the converted estate." (Citation omitted.).

*In re Bostick*, 2009 WL 347414, at *6 (Bankr.D.Conn.). The purpose of § 348(f)(1) is to "avoid penalizing debtors for their chapter 13 efforts by placing them in the same economic position they would have occupied if they had filed chapter 7 originally." *In re Fobber*, 256 B.R. 268, 277–78 (Bankr.E.D.Tenn.2000)(cited in *In re Brinkley*, 323 B.R. at 691).

In this case, § 348(f)(*l*) operates to exclude the life insurance benefits from Judith Morrison's Chapter 7 estate. The benefits did not exist and were not property of her bankruptcy estate as of the date that the Chapter 13 petition was filed. Judith Morrison had only an "expectancy" interest as of the petition date, which was not property of her separate bankruptcy estate. The benefits only became property of Judith Morrison's separate estate pursuant to § 1306(a) of the Bankruptcy Code, because she acquired them while the Chapter 13 case was pending, and before the case was closed, dismissed, or converted. However, the proceeds are not included as property of her estate in the convert-

ed case pursuant to § 348(f)(*l*)(A) of the Bankruptcy Code.

## Conclusion

As shown above, two separate estates were created when Judith Morrison and her husband filed a joint petition under Chapter 13 of the Bankruptcy Code on April 8, 2006. 11 U.S.C. § 302; Fed.R. Bankr.P. 1015. The estates were never substantively consolidated by the Court.

At the time that the joint petition was filed, Judith Morrison had only an expectancy interest in her husband's life insurance policy, and the expectancy interest was not property of her separate estate as of the commencement of the case. *Moon v. Williams*, 102 Fla. 214, 135 So. 555 (1931); *Wornick v. Gaffney*, 544 F.3d 486, 2008 WL 4349810 (2d Cir.).

Judith Morrison's husband died more than 180 days after the filing of the petition. Because she did not become entitled to acquire any benefits from his life insurance policy within 180 days of the filing, the benefits did not become property of her estate pursuant to § 541(a)(5) of the Bankruptcy Code. *In re Carter*, 260 B.R. 130 (Bankr.W.D.Tenn.2001). Further, the benefits did not become property of her estate pursuant to § 541(a)(6) of the Bankruptcy Code, because they did not constitute proceeds of any property of Judith Morrison's separate bankruptcy estate.

The benefits only became property of Judith Morrison's estate pursuant to § 1306(a), since she acquired the proceeds while her Chapter 13 case was pending, and before the case was closed, dismissed, or converted. *In re Brinkley*, 323 B.R. 685 (Bankr.W.D.Ark.2005).

Judith Morrison converted her case to a Chapter 7 case, however, shortly after her husband's death. Consequently, the benefits are excluded from her estate in the converted case by virtue of § 348(f)(1)(A),

because they were not property of her estate as of the date that the original Chapter 13 petition was filed. *In re Brinkley,* 323 B.R. 685 (Bankr.W.D.Ark. 2005). Excluding the proceeds from Judith Morrison's estate in the converted case serves the statutory purpose of § 438(f)(*l*) by placing her in the same position that she would have occupied if she had initially filed a Chapter 7 petition in 2006.

Accordingly:

**IT IS ORDERED** that:

1. The Debtor's Motion for Rehearing and/or Reconsideration of Order on (1) Trustee's Motion to Turn Over Property of the Estate, and (2) Trustee's Objection to Debtor's Amended Claim of Exemptions is granted as set forth in this Order.

2. The proceeds of the life insurance policy received by the Debtor, Judith Morrison, on or about November 22, 2007, are not property of the estate in this Chapter 7 case.