**IN RE: Mario Dwayne GILBERT and Sharye Noalvette Gilbert, Debtors.**

**Case No.: 13–62481–JRS**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division, Atlanta Division.

Signed February 10, 2015

Robert Rickman, Rickman & Associates PC, Suwanee, GA, for Mario Dwayne Gilbert.

## ORDER

James R. Sacca, U.S. Bankruptcy Court Judge

This case involves the interplay between §§ 541(a)(5) and 1306(a)(1) to determine whether a post-confirmation inheritance is property of the estate in this Chapter 13 case. Courts have reached two opposite conclusions despite all agreeing that the language of these statutes is clear and what rules of statutory construction apply. What they do not agree on is what the plain meaning is and the outcome of the application of the rules of statutory construction on these statutes. The Eleventh Circuit Court of Appeals has not decided the issue, but the minority view is held by several bankruptcy judges in the Eleventh Circuit, most of which are in Georgia. This Court will, therefore, wade into the controversy and interpret the interplay between §§ 541(a)(5) and 1306(a)(1), the outcome of which in this case will determine whether Mr. Gilbert's unsecured creditors are paid in full or receive nothing at all.

Mario Dwayne Gilbert and Sharye Noalvette Gilbert filed for chapter 13 bankruptcy relief on June 5, 2013. Their chapter 13 plan was confirmed on January 16, 2014. Under the Plan, the Debtors will pay $400 a month for at least thirty six months and the general unsecured creditors will receive nothing. The Plan also provides that the "[p]roperty of the estate [will] not vest

in Debtor[s] until the earlier of [their] discharge or dismissal of this case, unless the Court orders otherwise."[1]

On September 3, 2014, more than a year after the petition date, Mr. Gilbert's mother died, and he inherited an unencumbered house in Memphis, Tennessee (the "Property"). This inheritance was more than 180 days after the chapter 13 case was filed, but before the case was closed, dismissed or converted to another chapter. Subsequently, the Debtors filed a motion to sell the Property (Doc. 36) and an amended motion to sell the Property (the "Motion") (Doc. 50). After a hearing, the Motion was granted to the extent that the Court allowed the Debtors to sell the unencumbered Property for $65,000 (Doc. 55). However, the Debtors and the chapter 13 trustee (the "Trustee") disagreed as to whether the proceeds from the sale would become property of the estate. The Debtors contend it does not and wish to retain the proceeds from the sale for medical and other personal expenses. The Trustee contends that the proceeds should first be used to pay Mr. Gilbert's unsecured creditors in full in the chapter 13 case, which would require about $21,000, and the balance should go to Mr. Gilbert. The sale did close and the proceeds, in excess of $64,000, are being held by the Debtors' attorney in escrow until this Court determines the issue. (Order Granting Mot. to Sell, at 2).

Therefore, the only issue before the Court is whether the Property, and proceeds from the sale of the Property— which was inherited more than 180 days after the chapter 13 case was commenced but before the case was closed, dismissed, or converted—became property of the estate. The Court concludes the answer is yes.

## Discussion

█ Upon the commencement of a case, a bankruptcy estate is created. 11 U.S.C. § 541(a). Pursuant to § 541, the bankruptcy estate includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire *within 180 days after such date*–(A) by ... inheritance." 11 U.S.C. § 541(a)(5)(A) (emphasis added). Section 541 defines generally what property becomes property of the bankruptcy estate in a chapter under Title 11,[2] but is modified in certain chapters for that particular type of case. *See* 11 U.S.C. § 541(a). Indeed, § 1306 expands what property becomes property of the estate in a chapter 13 case. It states, in relevant part, that "[p]roperty of the estate includes, in addition to the property specified in section 541 ... all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is *closed, dismissed, or converted* ..." 11 U.S.C. § 1306(a) (emphasis added). Therefore, an apparent conflict arises between the two statutes as to whether the 180 day time restriction applies to inheritances obtained in chapter 13 cases, or whether the extended timeframe contained in § 1306(a)(1) governs.

---

1. The Court has not ordered otherwise.

2. Section 541(a) states that "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate ... [that] is comprised of all the following property ..." 11 U.S.C. § 541(a). Sections 301, 302, and 303 state how a voluntary case and a joint case are commenced under any chapter, and how an involuntary case is commenced under chapter 7 or 11. Section 103(a), states that chapter 5 applies in a case under chapter 7, 11, 12, or 13. 11 U.S.C. § 103(a).

The majority of courts have held that § 1306(a)(1) expands the 180 day temporal limit included in § 541(a)(5) such that if a debtor obtains an inheritance before the case is closed, dismissed, or converted it becomes property of the estate.[3] The only circuit court that has addressed the relationship between these two sections agreed with the majority of courts that previously addressed the issue. *See Carroll v. Logan*, 735 F.3d 147 (4th Cir.2013).

In *Carroll*, the debtors inherited $100,000 three years after filing a chapter 13 petition. In an appeal which the bankruptcy court certified directly to it, the Fourth Circuit addressed whether the inheritance was properly included in the bankruptcy estate. The court looked at the plain meaning of the two sections and concluded that "Congress has harmonized these two statutes for us." *Id.* at 150. It explained that § 541 created a general definition of what is included in a bankruptcy estate and then expanded it by "capturing the types, or 'kind', of property described in Section 541 ... but not the 180–day temporal restriction." *Id.* (citing 11 U.S.C. § 1306(a)). The court reasoned, "[t]his is because 'the kind of property is a distinct concept from the time at which the debtor's interest in the property was acquired' ... [a]nd on its face, Section 1306(a) incorporates only the kind of property described in Section 541 into its expanded temporal framework." *Id.* (citations omitted).

This Court agrees with the Fourth Circuit and the majority of other courts and concludes the Property inherited more than 180 days after the chapter 13 case was commenced, but before it was closed, dismissed, or converted, is property of the estate. The first canon of statutory construction is to begin with the words of the statute itself. *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1221 (11th Cir.2001). The plain meaning of the statute requires this result. As the Fourth Circuit explained, § 541 defines generally what is included in a bankruptcy estate under Title 11. Section 1306 then expands what is included in the property of the estate in chapter 13 cases. It includes all of the "kinds" of property included in § 541 until the case is "closed, dismissed, or converted" to another chapter. 11. U.S.C. § 1306(a)(1). An inheritance is a "kind" of property that is included in a bankruptcy estate pursuant to § 541. It follows then that an inheritance is precisely the "kind" of property that is included in the property of the estate in chapter 13 cases until the case is "closed, dismissed, or converted." 11 U.S.C. § 1306(a)(1). Section 1306 does not adopt any temporal restrictions or expansions of § 541, it instead develops a different timeframe in which property becomes property of the estate in chapter 13 cases, and adopts only the types of property included in § 541.

Further, "it is a commonplace of statutory construction that the specific governs the general." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, ——

---

**3.** *See, e.g., Carroll v. Logan*, 735 F.3d 147 (4th Cir.2013); *Dale v. Maney (In re Dale)*, 504 B.R. 8 (9th Cir. BAP 2014); *Vannordstrand v. Hamilton (In re Vannordstrand)*, 356 B.R. 788 (10th Cir. BAP 2007) (unpublished); *In re Howard*, No. 3:07–bk–3910–JAF, 2014 WL 444207 (Bankr.M.D.Fla. Feb. 3, 2014); *In re Roberts*, 514 B.R. 358 (Bankr.E.D.N.Y.2014); *In re Taylor*, No. 10–60012–EJC, 2014 WL 7246122 (Bankr.S.D.Ga. Dec. 18, 2014); *In re Zisumbo*, 519 B.R. 851 (Bankr.D.Utah 2014); *In re Tinney*, No. 07–42020–JJR13, 2012 WL 2742457 (Bankr.N.D.Ala. July 9, 2012); *In re Zeitchik*, No. 09–05821–8–JRL, 2011 WL 5909279 (Bankr.E.D.N.C. Sept. 23, 2011); *In re Euerle*, 70 B.R. 72 (Bankr.D.N.H.1987) ("[T]he inheritance clearly became 'property of the estate' under the provisions of §§ 541(a)(5) and 1306(a)(1) of the Bankruptcy Code....").

U.S. ——, 132 S.Ct. 2065, 2071, 182 L.Ed.2d 967 (2012). This canon of statutory construction "most frequently applies to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission." *Id.* In those cases "[t]o eliminate the contradiction, the specific provision is construed as an exception to the general one." *Id.* This canon of statutory interpretation applies to the situation here, where there exists a general exclusion of property of the estate after a certain date which is contradicted by a specific inclusion of property of the estate after that date. As discussed above, § 541 defines property of the estate generally. While § 541(a)(5) does contain a specific time restriction in which a debtor's interest in certain property becomes property of the estate, that restriction applies generally to most chapters in Title 11, unless another section within a particular chapter expands or restricts the definition for that specific type of case. However, § 1306(a)(1) is specific to chapter 13 cases,[4] and contains a specific time restriction for chapter 13 cases only. Therefore, the Court believes that § 1306(a)(1) is the more specific statute that should govern over the general exclusion in chapter 13 cases. *See also Carroll,* 735 F.3d at 152.

Moreover, Congress intended to expand property of the estate in chapter 13 cases, and this resolution of the two statutes does just that. *See* S. Rep. 95–989, at 140–41 ("Section 1306 broadens the definition of property of the estate for chapter 13 purposes to include all property acquired ... after the commencement of the case."); H.R. Rep. 95–595, at 428 ("A slightly different rule governing property of the estate applies in a chapter 13 case. All property of the estate, as provided in sec-

tion 541, is property of the estate in a chapter 13 case. In addition, however, property of the kind specified in section 541 that the debtor acquires after the commencement of the case but before conversion, dismissal, or closing of the case is also property of the estate."). As the Fourth Circuit explained, this result makes sense in the chapter 13 context. In exchange for the many benefits a chapter 13 debtor receives, he or she "makes a multi-year commitment to repay obligations under a court confirmed plan. The repayment plan remains subject to modification for reasons including a debtor's decreased ability to pay ... as well as the debtor's increased ability to pay ... when a Chapter 13 debtor's financial fortunes improve, the creditors should share some of the wealth." *Carroll,* 735 F.3d at 151 (citations omitted); *see also In re Tinney,* 2012 WL 2742457, at *3 ("The benefits of chapter 13 come with a price tag, and as we see in the instant case, some risk. For the privilege of retaining encumbered assets and imposing a payment plan on secured creditors, a chapter 13 debtor, unlike her chapter 7 counterpart, must make a long-term commitment, during which her post-petition property and wages are utilized to satisfy that commitment. And that commitment is subject to modification when circumstances change the debtor's ability to pay during the life of the case.").

Multiple bankruptcy courts in this circuit have, however, held that the temporal restriction in § 541 is not expanded by § 1306(a)(1), concluding that interests in inheritances or life insurance proceeds acquired more than 180 days after the chapter 13 petition was filed are not property of the estate.[5] It is on these cases which

---

**4.** *See* 11 U.S.C. § 103(i).

**5.** *See In re McAllister,* 510 B.R. 409 (Bankr. N.D.Ga.2014) (Bonapfel, J.), *aff'd on other*

grounds, *Townson v. McAllister, (In re McAllister),* No. 4:14–CV–00106–HLM (N.D.Ga. Oct. 14, 2014) ("Though it is tempting for the

the Debtors rely for their contention that the proceeds from the Property are not property of the estate. The cases reach that result by defining the "kind" of property to include the 180 day time restriction, such that it should be incorporated into § 1306. However, the Court disagrees; it differentiates types of property interests from time restrictions, and finds that the time restriction should not be included in defining a "kind" of property. Among the different cases the reasoning seems to be threefold.

First, these cases reason that because § 1306 adopts the provisions of § 541 to define what is property of the estate, it must also adopt the exclusions or limitations found in § 541(a). It is argued that § 1306(a)(2) demonstrates that Congress did not intend to include in chapter 13 estates the exclusions in § 541(a)(5) because, for example, Congress specifically included in a chapter 13 estate "earnings from services performed by the debtor after the commencement of the case" in § 1306(a)(2), which is an exclusion found in § 541(a)(6). Consequently, the argument goes, because Congress specifically included into the chapter 13 estate property that was excluded from § 541(a), it also knew how to specifically include other exclusions, such as inheritances that the debtor received more than 180 days after it filed its petition. To the contrary, however, because § 541(a)(6) specifically excludes a certain "kind" of property from the bankruptcy estate—"earnings from services performed by the debtor after the commencement of the case," it was necessary for Congress to specifically add that "kind" of property to property of the estate in

chapter 13 cases. Because inheritances are a "kind" of property that is included as property of the estate under § 541(a)(5), albeit perhaps limited to those acquired within 180 days, they did not specifically need to be included in § 1306 in the same manner as "earnings from services performed by the debtor after the commencement of the case" were. This Court agrees that Congress did not intend to include in a chapter 13 bankruptcy estate all property excluded from § 541, such as the exclusions found in § 541(b). However, § 541(a)(5) only provides a time restriction and does not exclude a certain type of property. Congress addressed the time restriction contained in § 541(a)(5) by providing in § 1306(a) those "kinds" of property would be property of the estate until it was "closed, dismissed, or converted." 11 U.S.C. § 1306(a).

Second, the minority position asserts that the time restriction in § 541(a)(5) must be included when defining property of the estate in chapter 13 cases in order to give effect to every word of the statute because if the time limitation in § 541(a)(5) is not incorporated into § 1306(a) then the 180 day time restriction becomes void. These cases argue that § 1306(a)(1) must include all of the specifications in § 541(a)(5) otherwise the time limitation in § 541(a)(5) is discarded, whereas including the 180 day restriction does not render the timeframe in § 1306(a)(1) superfluous because a debtor may inherit property within 180 days of filing a chapter 13 petition and that inheritance would undoubtedly become property of the estate. This Court again agrees

Court to espouse on whether the Insurance Proceeds became a part of the Debtors' Estate, as that question has led to a split among the Eleventh Circuit's bankruptcy courts, the instant case is not an appropriate time to do so."); *In re Key*, 465 B.R. 709 (Bankr.S.D.Ga.

2012); *In re Walsh*, No. 07–60774, 2011 WL 2621018 (Bankr.S.D.Ga. June 15, 2011); *In re Schlottman*, 319 B.R. 23 (Bankr.M.D.Fla. 2004). The Fourth Circuit in *Carroll* refers to these as "outlier cases." 735 F.3d at 152 n. 3.

with the Fourth Circuit that giving effect to every word in the statute here requires the Court to interpret § 1306(a) as expanding the time restriction of § 541(a)(5) in chapter 13 cases. Otherwise, "Section 1306(a), which expands the temporal restriction for Chapter 13 purposes, loses all meaning." *Carroll,* 735 F.3d at 152. "By contrast, neither statute is rendered superfluous, and both are given effect, if Section 1306(a)'s extended timing applies to Chapter 13 estates and supplements Section 541 with property acquired before the Chapter 13 case is closed, dismissed, or converted." *Id.*

Last, the minority position asserts that the time restriction in § 541(a)(5) is the more specific statute compared to § 1306 and thus governs the time in which an inheritance may become property of the estate. Contrary to this conclusion, as discussed above, it seems to the Court that § 1306(a)(1), which applies only to chapter 13 cases, and is intended to expand the property of the estate for chapter 13 cases, is the more specific statute in a chapter 13 case. It modifies the time restriction of the statute that applies generally, and modifies it only for chapter 13 cases specifically.

The Court is also persuaded by *In re Waldron,* 536 F.3d 1239 (11th Cir.2008). In that case, the Eleventh Circuit had to determine whether claims for underinsured-motorist benefits, that arose postpetition and after the chapter 13 plan was confirmed but before the case was closed, dismissed, or converted, were property of the bankruptcy estate. In deciding that issue the court clarified the interplay between §§ 1306(a) and 1327(b).[6] The court concluded that, despite § 1327(b), property acquired after a plan is confirmed vests in

the estate and is thus property of the estate until the case is closed, dismissed, or converted. In reaching its decision, the Eleventh Circuit cited favorably to various district and bankruptcy court cases which reached the same conclusion, including *In re Nott,* 269 B.R. 250 (Bankr.M.D.Fla. 2000). *In re Nott* dealt specifically with a post-confirmation inheritance. The debtor argued that the inheritance was not property of the estate, not because of the exclusion included in § 541, but instead because of § 1327(b). The court held that the inheritance "acquired postconfirmation but before the case [was] closed, dismissed, or converted ... [was] property of the estate pursuant to § 1306." *Id.* at 257. While the bankruptcy court in that case did not analyze the interplay between §§ 541(a)(5) and 1306(a), and therefore the Eleventh Circuit did not specifically rule on that exact issue, the Eleventh Circuit did embrace an expansive view of § 1306(a) and cited favorably to a case holding that an inheritance acquired more than 180 days after the petition date, but before the case was closed, dismissed, or converted, was property of the estate.

### Conclusion

Accordingly, for the reasons stated above, it is hereby

ORDERED that the proceeds from the sale of the Property are property of the bankruptcy estate. Debtors' counsel shall distribute to the Trustee from the proceeds he is holding from the sale of the Property, the sum of $21,222.97, which is the amount necessary to pay in full (a) the unsecured claims filed on which Mr. Gilbert is obligated, those being claim numbers 4, 6, 7, 8, 12, 13, 15, 16, 17, 18, 21, 24, 25, and (b) the Trustee's commission.

---

**6.** Section 1327(b) provides that unless otherwise stated in the plan or order confirming the plan, all property of the estate vests in the

debtor upon confirmation. 11 U.S.C. § 1327(b).

Debtors' counsel may hold in escrow $2,000 of the proceeds pending an application and order approving additional attorney's fees, which application must be filed in 60 days. The Court will consider the merits of such an application and any objections thereto at a hearing after notice if such an application is filed. The balance of the proceeds shall be promptly remitted to the Debtors.